DETERMINED IN THE

# SUPREME COURT

OF THE

# STATE OF NEVADA,

## DURING THE YEAR 1865.

---

## E. S. DAVIS, Appellant, v. JAMES L. THOMPSON, Respondent.

Had a Recorder, under the Territorial laws of Nevada, the right to demand in advance his fees for receiving, filing, recording, etc., of instruments? Query.

If a request was made for advance payment, and that request was voluntarily complied with, it did not make an illegal transaction but was the legitimate receipt of money for services to be rendered.

The Recorder having received fees in advance for recording, indexing, etc., of instruments, was bound to record them himself or procure their recordation by his successor.

Was a newly elected Recorder bound to record deeds found in the office when he qualified and for the recordation of which his predecessor was paid? Query.

If not strictly bound to record them, it was convenient and proper he should record them, and without so doing he could not conduct the business of his office in an orderly and proper manner.

A necessity being thus imposed on the incoming Recorder to record the deeds left unrecorded by his predecessor, and that recordation inuring to the benefit of the prior possessor of the office, the law raises an implied request on the part of the outgoing Recorder to perform the labor and an implied promise on his part to pay for the same.

APPEAL from the Third Judicial District of the Territory of Nevada, County of Lander, Hon. P. B. Locke, presiding.

The complaint in this case contains two counts, one for money had and received, the other for work and labor.

The other facts of the case are stated in the opinion.

*H. G. Worthington* and *Perley & DeLong*, for Appellant.

*Williams & Bixler*, for Respondent. .

Opinion by BEATTY, J., full Bench concurring.

The facts of this case are as follows : Anterior and up to the 14th day of September, 1863, James L. Thompson, the . defendant, was Recorder of Lander County.   Whilst so Recorder he received for record and filed four hundred and ninety-six deeds, collected from the parties filing the same the sum of two dollars and fifty cents on each deed, that being the full amount chargeable by law for receiving, filing, recording, etc., of said deeds, and also received for recordation and filed twenty-five miscellaneous papers, entitled to recordation, and received four dollars per paper from those filing the same, that being the amount of legal fee payable for the receiving, filing, recording, etc., of each of those papers.

Thompson went out of office on the 14th of September, 1863, having done nothing more with these papers than merely to file them.   On that day his successor in office, the plaintiff, took possession of the office and proceeded to record the deeds and papers which he found in his office thus filed but not recorded.

When the recording was done he demanded payment of his predecessor therefor, who refused to pay, and this suit was brought.   The defendant answered, denying the allegations of the complaint.   The cause was submitted to the Judge without the intervention of a jury.   The facts as herein stated were proved by the plaintiff when he rested.

The defendant moved for a non-suit, which was granted. The plaintiff appeals from the judgment of non-suit.   The respondent claims that there is no privity of contract between plaintiff and defendant, and therefore that no action could be maintained by plaintiff.   To determine the validity of this defense, it is necessary to ascertain what were the rights and duties of the respective parties by reason of their official positions.

*First*—As to the defendant. Being Recorder, had he a right to demand in advance, of those who deposited deeds with him for record, the entire fee to which he would be entitled for filing, indexing, recording and certifying recordation of those instruments?

Upon this point our statutes are silent. It need not, perhaps, be determined in this case whether he had such an absolute right. But this proposition cannot be denied: If he requested the payment in advance for services to be performed, and the parties requiring the same chose to pay in advance (without any improper or coercive conduct on his part), it was not an illegal transaction, but a legitimate collection of money for services to be performed. Having then received his fees in a proper and legal manner, it became his duty either to record, index and certify the recordation of these instruments, or else, if he went out of office before he could do so, then to procure the same to be done by his successor. For failing to do so he would undoubtedly be liable to an action on the part of each person by whom a deed was filed. And this, it is contended by respondent, would be the only action to which he would be liable.

When the plaintiff came into office what were his duties and liabilities?

The appellant lays down this proposition: "His duty as such Recorder was fixed by law, which was to record all instruments left in his office for recordation, entitled by law to be recorded in the order of their filing."

If this proposition was correct, we should have no difficulty in deciding this case. But we can find nothing in the statute law requiring such a practice. In the absence of authority on the point we are not prepared to say that such would be the absolute requirements of the common law. That such a course would be convenient and proper, there can be no doubt. But possibly he might not have been bound to record those deeds without being paid for so doing, or at least requested so to do by those having an interest in their recordation. The doubt on this point throws some embarrassment around this case.

Whilst we will not say that Davis was *bound* to record the

deeds, for recording which his predecessor had been paid (meaning here to express no opinion on that point), it must be admitted that for the *proper and orderly arrangement* of business in his office, the recordation of those deeds in the order in which they were filed was necessary.

The recordation of those deeds being then a necessity imposed on the new Recorder by the outgoing officer, and Thompson reaping the benefit of that act, the law implies a request on his part and a promise to pay for that, the benefit of which he has received. In this case defendant received the entire fees for filing, indexing, recording and entering on such instrument the certificate of recordation. Having received *all* the fees and performed only a *part* of the services, he must pay to his successor in office that part of the fee in each case which is payable for the services performed by plaintiff.

The judgment of the Court below will be reversed and a new trial ordered.

---

## RESPONSE TO PETITION FOR REHEARING.

When A is morally and legally bound to perform certain labor, but failing to perform it himself places B under the necessity of performing it to avoid loss or inconvenience, and A receives the benefit of that performance, the law will imply both a *request* to B to perform the labor and a *promise* to pay for it when performed.

On petition for rehearing, filed by Williams & Bixler, two points were made. The action for money had and received cannot be maintained because at the *time* the money was paid to Thompson, Davis had no claim to it. His demand, if any he has, arose subsequently.

The action for work and labor cannot be maintained because the service was performed voluntarily and without any *request* on the part of Thompson. That to maintain an action of this kind the law will sometimes imply a promise to pay but not a *request to perform* and never a *promise to pay*, when the performance is voluntary.

Davis *v.* Thompson.

Opinion by BEATTY, J., full Bench concurring.

Counsel for respondent ask for a rehearing in this case, and say the opinion of the Court, or the result of that opinion, "might be syllogistically stated thus: When one performs a service enjoined by law upon another, for which the latter has received compensation, the law implies a promise to pay for the service so much as it is reasonably worth."

We think this hardly states the proposition correctly. At least this statement omits part of the proposition. To entitle the party performing the service to compensation, he must have done it not as a mere volunteer, but because he was placed under some necessity or obligation to do so by the conduct of the party who received the compensation.

With this qualification, we still think the proposition a correct one. In regard to the count for money had and received, we do not controvert the views of counsel, and did not base our opinion in the case on the ground that, that count, could be sustained.

Counsel ask, can it be claimed that the contract of Thompson was of such a character as to render him liable to two persons at the same time, one of whom was not a party to the contract? According to the views of the Court there were two separate and distinct contracts in regard to each deed.

By the first contract, Thompson agreed with the depositor of the deed to record it in due time, with the proper index, certificate, etc. If he failed to do this, he was liable to the party who deposited the deed, whether that failure was a failure to do it in due season and in a lawful manner, or a total failure.

By a subsequent contract he agreed with Davis to pay him for the recording of these deeds and must pay for the performance of that contract. But counsel argue there was no request on the part of Thompson to perform this labor, and therefore no contract, express or implied. Counsel say "the Court has the law imply both the *request* and *the promise to pay*." That is exactly what the Court means to express. That under such circumstances, the law will imply both a *request* to perform the labor and a promise to pay for it. It was the duty of

Thompson, under the circumstances, to request Davis to record the deeds. The law implies he did request him, and did promise to pay for the service.

This is not a novel doctrine. A husband, in affluent circumstances, turns his wife out of doors and advertises to the world that he will pay no bills of her contracting. A tradesman, with this notice before his eyes, furnishes her with goods suitable to the circumstances of herself and husband. He may bring his action against the husband alleging the goods were furnished at *his* request, and upon the proof of these circumstances, the law implies the request, whilst, in fact, the husband is constantly protesting.

In such case we think the action is maintained against the husband on the same principles as it is maintained in this case. The goods are not in such case furnished at request of husband in point of fact. But it was his duty to have made such request, and the law implies he did make it.

So here it was the duty of Thompson to have made the request (and made it of Davis, for no one else could have performed the service), and the law implies that he did make it.

The petition is denied.