[No. 3,647.]

## ANTHONY CLARK *v.* B. D. DUNNAM.

INTEREST ON JUDGMENTS.—Under the first section of the Act of March 30th, 1868, regulating the rate of interest, all final money judgments, whether for money lent or otherwise, bear interest at the rate of seven per cent per annum.

INTEREST ON JUDGMENT BETWEEN COPARTNERS.—If a judgment be rendered in an action brought by one partner against his copartners, dissolving the partnership, and directing a sale to be made of the partnership property and a division of the proceeds—first, to the payment of costs ; second, to the payment of an amount found due to the plaintiff from the partnership, and the balance to be distributed among the partners—the Sheriff, in making the distribution, must pay legal interest on the amount found due to the plaintiff.

FINAL JUDGMENT.—A judgment dissolving a partnership and directing a sale of the partnership property and a division of the proceeds, is a final judgment.

MODIFICATION OF JUDGMENT BY SUPREME COURT.—An order of the Supreme Court, modifying a judgment from which an appeal has been taken, by reducing its amount, does not set it aside so as to prevent it from drawing interest from the time it was rendered by the Court below.

APPEAL from the District Court, Fourteenth Judicial District, County of Placer.

The case out of which this arose is reported in 42 Cal. 181. The facts are stated in the opinion.

*Myres & Fellows,* for Appellant.

The statute of the State regulating the rates of interest does not contemplate that a decree or judgment like the one at bar should bear interest. The decree merely ascertains that up to the date of its entry, the partnership owed Jones so much money, and then proceeds to direct a sale of the partnership effects to pay the amount, and the distribution of the balance among the partners, according to their respective interests.

The intention of the statute was to allow interest upon judgments in actions where the direct object sought is to recover damages for the violation of contracts, for the payment of money demands, or in actions for the violation of contracts where the amount is unascertained, or in actions sounding in tort. If it is held that a judgment like this bears interest under the statute, when does the interest begin to run? If at all, it must be from the time of the

settlement of the accounts between the parties. It cannot be safely contended that Jones was entitled to interest until the accounts were settled. We say that the amount was not fixed or determined until the remittitur of this Court, modifying the judgment of the Court below, was issued and filed.

We think the true rule to be, in cases like the one disclosed in the record, is, that one partner is not entitled to interest against another until the partnership property is sold and exhausted to pay the demands against the concern, and it appears that there is still a balance due. Any other rule would change the rule that ordinarily one partner cannot charge the other with interest; and we thi.k--that until the partnership affairs are finally settled, its effe᷿ exhausted, and the amount due from the one to the other ascertained, that interest is not chargeable.

Courts of equity, in winding up partnership affairs, sometimes allowed interest to certain creditors. When allowed, it was distinctly stated in the decree; when not allowed, the decree was silent, as in this instance; and we know of no case where interest was enforced in such cases in the absence of a decree directing it.

*Jo Hamilton,* for Respondent.

The only point in this case is this: Does the amount decreed to the plaintiff bear interest or not? We say that it does. First—Because it was a final judgment. (Practice Act, Sec. 144; *Belt* v. *Davis,* 1 Cal. 138, and cases cited; *Hahn* v. *Kelly,* 34 Cal. 391, *et seq.*; *Marshall* v. *Shafter,* 32 Cal. 176.) Second—If it was not a final judgment in the sense of those cases and others decided by this Court, it was an amount found due upon a settlement of accounts, and carried interest at the rate of seven per cent per annum, under the terms of the Act of 1867–8, p. 553, which was in

force at that time, and ten per cent per annum under the Act. of 1869–70, p. 699.

By the Court, CROCKETT, J.:

One Jones brought an action against Clark and others, doing business as copartners with Jones, under the firm name of the "Dardanelles Mining Company," for an accounting and a dissolution of the partnership. On the 20th of August, 1869, a decree was rendered for a dissolution of the partnership, and ordering a sale of all its property and effects, out of the proceeds of which it directed to be paid : First—The expenses of the sale. Second—Any balance due to the receiver. Third—Jones' costs and disbursements in the action, taxed at five hundred and eighty-eight dollars and five cents. Fourth—To Jones, on account of an indebtedness of the partnership to him, the sum of eighteen thousand nine hundred and sixty-four dollars. Fifth—If there remained any of the proceeds after satisfying these sums it was to be distributed amongst the copartners in certain proportions fixed by the decree. From the decree the defendants therein appealed to this Court, which directed it to be modified, by deducting from the amount awarded to Jones the sum of one thousand dollars, and in all other respects it was affirmed. On the filing of the remittitur in the Court below, that Court modified the decree, as it was required to do, and in the order of sale which was issued, directed the Sheriff to compute interest at the rate of seven per cent per annum on the amount awarded to Jones, from the date of the original decree—August 20th, 1869—until paid. After the sale, and before the proceeds were distributed, Clark, one of the defendants, served a written notice on the Sheriff, protesting against the allowance of interest to Jones, and demanding that the fund be distributed without such allowance. The

Sheriff, however, disregarded the protest, and paid the interest to Jones as required by the order of sale; and this action is by Clark against the Sheriff to recover his proportion of the sum which he claims was wrongfully paid as interest to Jones. Judgment having been entered for the defendant on an agreed statement of facts, the plaintiff appeals. When the decree of August 20th, 1869, was rendered, the Act of March 30th, 1868, regulating the rates of interest, was in force. (Stats. 1867–8, p. 553.) In construing this statute, we have several times decided that, under the first section, all final money judgments, whether for money lent or otherwise, bore interest at the rate of seven per cent per annum. The only point to be decided under the agreed statement is, whether the decree of August 20th, 1869, is a final money judgment in the sense of the statute, and therefore bore interest. The plaintiff in this action treated the decree as final when he prosecuted an appeal from it. If it was not final his appeal should have been dismissed on that ground. But we entertained the appeal and decided the cause, and in justice the plaintiff should now be estopped to deny the finality of the decree. But we entertain no doubt that it *was* final. It ascertained and adjudged that a certain sum of money was due to Jones, and determined the whole matter in litigation. Nothing thereafter remained to be done except to execute the decree by a sale of the property and a distribution of the proceeds in the manner fixed by the decree itself. This was a mere ministerial duty, and nothing was left for the Court to do except to see that the decree was properly executed. It comes fully within the definition of a final judgment as defined by section one hundred and forty-four of the Practice Act. Nor was it set aside by the judgment of this Court. On the contrary, it was only slightly modified in its amount, and was otherwise left intact.

I think interest was properly computed on the decree, and

I discover no error in the judgment, which is therefore affirmed.

So ordered.

Mr. Chief Justice WALLACE did not express an opinion.