151 U.S. 329
 14 S.Ct. 354
 38 L.Ed. 181
 MORAN et al.
v.
HAGERMAN et al.
 No. 875.
 January 22, 1894.
 
 Statement by Mr. Chief Justice FULLER:
 Moran Bros. filed their bill of complaint against William Wright, A. A. Watkins, Jerry Schooling, and others, in the circuit court of the United States for the district of Nevada, alleging that the Union Trust Company of New York was the mortgagee in trust of the Nevada & Oregon Railroad Company for the benefit of the holders of certain bonds of the said company, and had brought suit in that court to foreclose the trust deed or mortgage, which suit was then pending therein; that the complainants were holders of 310 of some 600 bonds, of $1,000 each, certified and issued by the trustee under said deed, and that the defendants each claimed to hold some of them; that the company had no right to issue the bonds to the defendants; and that, as between complainants and defendants, the former were entitled to priority in the distribution of the proceeds of the sale of the mortgage bonds. The bill prayed for an injunction against the transfer of the bonds held by defendants, and a decree that the defendants were not entitled to participate or share in the money realized from the sale of the road. In the mean time the property was sold under the foreclosure suit, and bid in by Moran Bors. Defendants answered, and on final hearing a decree was passed as prayed for in the bill, and applying the proceeds on the complainants' bonds only. From that decree the defendants appealed to this court, which at October term, 1889, dismissed the appeal as to some of the appellants, affirmed it as to others, and reversed it as to Wright, Watkins, and Schooling, and remanded the case to the circuit court for further proceedings to be had therein consistent with the opinion. McMurray v. Moran, 134 U. S. 150, 10 Sup. Ct. 427. Thereafter, Schooling died, and Hagerman, his administrator, was substituted.
 The mandate of this court was issued July 19, 1890, and was filed in the circuit court November 3, 1890, and on February 2, 1891, the circuit court entered a decree in the cause, wherein it was adjudged that complainants holding the 310 bonds, and Wright, Watkins, and Hagerman, administrator, holding 31 bonds, 'are entitled to have, and do have, their three hundred and forty-one bonds, mentioned in said bill of complaint, and the answer on file herein, paid out of the proceeds arising from the sale of the mortgaged premises, described in the said complaint, if the proceeds so arising are sufficient; and, if such proceeds are not sufficient, then that said complainants and said defendants, A. A. Watkins, and J. C. Hagerman, as administrator of the estate of Jerry Schooling, deceased, and John Wright, as administrator of the estate of James Webster, deceased, with the will annexed, share in the proceeds of said sale in proportion to the amount of bonds held by them, respectively, and upon terms of equality with complainants.' The decree then described how the 310 and the 31 bonds were held, and further adjudged that the said 341 bonds 'were negotiated and sold to bona fide purchasers for value, and are valid and subsisting obligations, and are unpaid, and a valid and subsisting charge and lien upon the railroad and property described in said bill of complaint, and are entitled to be paid out of the proceeds arising from the sale of said mortgaged property.'
 October 24, 1891, Watkins filed notice and petition for an order modifying the decree of February 2, 1891, so that there be inserted a provision to ascertain the amount due on the 341 bonds, and the amount of the proceeds of the foreclosure sale, and the costs of sale and suit, and the proportion of the proceeds properly applicable to the payment of the 310 bonds owned by complainants, and the 31 bonds owned by the defendants, and a further provision that upon the ascertainment and determination of said matter the defendants have judgment and execution against complainants for the proportionate amount of the proceeds to which they were respectively entitled. The application was accompanied by affidavits, and the notice stated that the motion 'will be made upon the grounds that said matters were omitted from the said decree by oversight, inadvertence, and mistake, and upon the further ground set forth and contained in the petition hereto annexed, and served and filed herewith.' The various proceedings were severally set forth in the petition, which also averred that, after applying the money realized from the foreclosure and sale to the payment of costs of suit and sale, the marshal paid the balance, of $367,234.55, to complainants, who received and retained the same, and that in order to enjoy the full fruits and benefits of the decree, and of the mandate of the supreme court, the circuit court should have referred the cause to a master, which, by inadvertence, was omitted from the decree. To the motion and petition, complainants filed objections for want of equity; of plenary pleadings; of proper process; and that the term at which the decree of February 2, 1891, was entered had expired before the motion and petition were filed, and that for this reason the court had lost jurisdiction and control of the decree, and had no power to alter or modify the same. The court entertained the application, and testimony was taken thereon; and upon hearing, on May 9, 1892, an order was made granting the petition, and modifying and amending the decree accordingly, and referring the cause to a master to ascertain and report to the court the matters above mentioned, and reserving the cause for final decree upon the coming in of the report of the master. A bill of exceptions was settled by the judge of the circuit court June 10, 1892, which contained the proceedings on the motion and the exception of complainants to the order of May 9. The master proceeded under the order, and filed his report June 6, 1892; and, no exceptions or objections having been filed thereto, a decree was entered September 6, 1892, in which the court found that the net proceeds of the sale were $367,615.31, and were paid to complainants on the day of sale. The court also found the amount due on the bonds held by complainants and defendants, and the proportions in which the net proceeds of the sale should be applied, and made application accordingly, and gave defendants judgment for the respective amounts to which they were entitled. On November 3, 1892, complainants prayed an appeal to this court from the decree of September 6, 1892, which was allowed that day; and on the same day complainants filed their assignment of errors, to the effect that the decree should have been given in favor of complainants and against the defendants, 'for the reason that the term had elapsed at which said original decree was made, and the said circuit court had lost jurisdiction of said suit, and had no power or authority to modify or amend said original decree, or to make any order or decree in said suit in any manner affecting the rights of the parties herein.'
 Wheeler H. Peckham, for appellants.
 Horatio C. King, W. E. F. Deal, and E. Tauszky, for appellees.
 Mr. Chief Justice FULLER, after stating the facts in the foregoing language, delivered the opinion of the court.
 
 
 1
 Complainants below, appellants here, contend that the circuit court had no jurisdiction because the decree of February 2, 1891, was a final decree, and the court had no power, after the expiration of the term at which it was rendered, to entertain the motion and petition, and enter the order of May 9, 1892, and the decree of September 6, 1892, and, further, that the court had no jurisdiction to render affirmative judgments in favor of the defendants against the complainants, because no cross bill had been filed, and no proceedings had or taken, on which such judgments could properly be rendered. On the other hand, it is insisted that the questions raised do not involve the jurisdiction of the circuit court, in the sense in which the term is used in the act of March 3, 1891. Whether the decree of February 2, 1891, was a final decree; whether the objection that no cross bill had been filed came too late; whether the court could proceed in a summary way on petition; whether appearance and objection on the merits waived alleged irregularities; and whether these or like matters might bring a case within the first class named in the fifth section of the act of March 3, 1891,-we find it unecessary to consider, as no question of the jurisdiction of the circuit court was certified to this court for decision, and therefore, for the reasons given in Maynard v. Hecht, 14 Sup. Ct. 353, the appeal must be dismissed.