### MORAN et al. v. HAGERMAN et al.

(Circuit Court, D. Nevada. August 13, 1895.)

#### No. 399.

FEDERAL COURTS—FOLLOWING STATE PRACTICE—INTEREST ON JUDGMENTS.

Since in Nevada, under Gen. St. § 4903, providing that when no different rate of interest is specified, interest shall be allowed on a judgment at a certain rate, it is held that, when the judgment is silent as to interest, no execution calling for payment of interest is authorized, and Rev. St. U. S. § 966, provides that interest shall be allowed on judgments rendered in federal courts only when allowed on judgments by the laws of the state in which the court was held, an execution issued on a judgment rendered in a federal court held in Nevada, which includes interest on the judgment, should be quashed.

This was a motion by Charles Moran and others, complainants in an action against J. C. Hagerman, administrator, and others, wherein

an affirmative judgment was given for defendants, to quash executions issued on that judgment. Motion granted.

Robert M. Clarke, for complainants.

W. E. F. Deal, for respondents.

HAWLEY, District Judge (orally). On the 6th day of September, 1892, a judgment was rendered in this court in favor of respondents A. A. Watkins, John Wright, administrator of the estate of James Webster, deceased, and J. C. Hagerman, administrator of the estate of Jerry Schooling, deceased, against complainants for separate sums of money, amounting in the aggregate to the principal sum of $33,419.57, and interest thereon, amounting to $18,239.87, making a total of principal and interest of $51,659.44. The judgment does not, in terms, call for interest after the date of its rendition. It is silent upon that question. On the 3d day of November, 1892, the complainants took an appeal from said judgment to the supreme court of the United States, and gave a supersedeas bond for a stay of execution thereon. This appeal was dismissed by the supreme court for want of jurisdiction on the 22d day of January, 1894. Moran v. Hagerman, 151 U. S. 329, 14 Sup. Ct. 354. On the 3d day of November, 1892, complainants also took an appeal from said judgment to the United States circuit court of appeals for the Ninth circuit, and after a hearing of said case upon its merits, the court, on the 23d day of October, 1894, affirmed the judgment, with costs. Id., 12 C. C. A. 239, 64 Fed. 499. On March 23, 1895, complainants paid the full amount of the principal and interest of the judgment, as expressed upon its face, and respondents gave a receipt therefor, which is indorsed upon the judgment, and reads as follows:

"Received of Charles Moran et al., complainants in the above-entitled cause, by the hand of E. Gest, the sum of fifty-one thousand seven hundred and forty-two dollars and seventy-nine cents ($51,742.79), which is in full payment of the amount of said judgment, principal, and costs, but does not include interest on said judgment from the rendition thereof, to wit, September 6, 1892,—the question whether said judgment or any portion thereof bears interest being contested and reserved for decision by the court.

　　　　　　　"W. E. F. Deal, Attorney for Defts., Judgment Creditors.

"Dated March 23, 1895."

On May 24, 1895, at the request of respondents, and evidently for the purpose of having the matter brought before the court, in pursuance of an agreement of the respective counsel, the clerk issued and delivered to the marshal three separate executions for interest due upon the principal sums named in the judgment from the date of the judgment up to the time of payment, making in all the total sum of $5,952.02. Complainants now move to quash these executions upon the ground that they do not follow the judgment, and that such interest is not recoverable thereon.

Section 966 of the Revised Statutes of the United States provides that:

"Interest shall be allowed on all judgments in civil causes, recovered in a circuit or district court, and may be levied by the marshal under process of execution issued thereon, in all cases where, by the law of the state in which

such court is held, interest may be levied under process of execution on judgments recovered in the courts of such state; and it shall be calculated from the date of the judgment, at such rate as is allowed by law on judgments recovered in the courts of such state."

What is the law of Nevada upon this subject? Section 4 of the territorial act in relation to interest provides:

"When there is no express contract, in writing, fixing a different rate of interest, interest shall be allowed at the rate of ten per cent. per annum, for all moneys after they become due on any bond, bill or promissory note, or other instrument of writing, on any judgment recovered before any court in this territory, for money lent, for money due on the settlement of accounts, from the day on which the balance is ascertained, and from money received to the use of another." Gen. St. Nev. § 4903.

Under this statute, if it was before the court for construction, it might be said that "on any judgment recovered before any court" in Nevada, the clerk might as a matter of course issue execution for the amount of the principal sum with legal interest thereon, irrespective of the question whether the rate of interest was expressed in the judgment or not. There are many authorities that tend to support this view. Burke v. Carruthers, 31 Cal. 470; Himmelman v. Oliver, 34 Cal. 247; Dougherty v. Miller, 38 Cal. 548; Clark v. Dunnam, 46 Cal. 204; In re Olvera's Estate, 70 Cal. 184, 11 Pac. 624; Stewart v. Spaulding, 72 Cal. 265, 13 Pac. 661; In re Kennedy's Estate, 94 Cal. 22, 29 Pac. 412. It will be seen by a perusal of these authorities that the supreme court of the state of California, from which state the statute in question was bodily taken, has uniformly, consistently, and persistently held that judgments entered under any of the provisions of the statute carry the legal rate of interest thereon, whether it is so expressed upon the face of the judgment or not, and that this result necessarily follows as a consequence under the statute making the judgment bear interest. The same construction upon similar statutes has been announced by the courts of other states. Crook v. Tull (Mo. Sup.) 20 S. W. 8; Nevada Co. v. Hicks, 50 Ark. 416, 8 S. W. 180; Wither's Appeal, 16 Pa. St. 151; Cox v. Marlatt, 36 N. J. Law, 389. In Amis v. Smith, 16 Pet. 311, the court said:

"We can see no good reason why interest upon a judgment, which is secured by positive law, is not as much a part of the judgment as if expressed in it. The legislature say: 'All judgments shall bear interest at the rate of eight per cent.' Can the judgment be satisfied without paying the interest? It is the practice in Mississippi and several other states to include no interest in the judgment, except what is then due, but to leave it to the collecting officer to calculate the amount of interest, according to law, when he settles with the defendant."

Why should interest on a judgment in a case like the present be allowed? In Nevada Co. v. Hicks, supra, the court said:

"The interest allowed in a judgment, where interest is not stipulated in the contract sued on, is not by virtue of the contract between the parties to the suit, but it is by operation of law, and in the nature of a penalty provided by the law for delay in payment of the principal sum after it becomes due."

In Morley v. Railway Co., 146 U. S. 168, 13 Sup. Ct. 54, the court said:

"But if the contract itself does not provide for interest, then, of course, interest does not accrue during the running of the contract, and whether, after maturity and a failure to pay, interest shall accrue depends wholly on the law of the state, as declared by its statutes. If the state declares that, in case of the breach of a contract, interest shall accrue, such interest is in the nature of damages, and as between the parties to the contract such interest will continue to run until payment, or until the owner of the cause of action elects to merge it into judgment. After the cause of action, whether a tort or a broken contract, not itself prescribing interest till payment, shall have been merged into a judgment, whether interest shall accrue upon the judgment is a matter, not of contract between the parties, but of legislative discretion, which is free, so far as the constitution of the United States is concerned, to provide for interest as a penalty or liquidated damages for the nonpayment of the judgment, or not to do so. When such provision is made by statute, the owner of the judgment is, of course, entitled to the interest so prescribed until payment is received, or until the state shall, in the exercise of its discretion, declare that such interest shall be changed or cease to accrue."

If the disposition of the motion to quash the executions in the present case depended solely upon an original independent exposition of the terms and meaning of section 4903 of the General Statutes of Nevada, it will be observed that many valid and substantial reasons might be given in favor of respondents' contention in this case. But the question does not rest upon any independent construction which this court might give of the statute. The question involved in this case is not of such general interest as would justify this court in departing from the general rule of law which requires the United States courts to follow the decisions of the state courts upon the construction of the statutes of the state, upon the exceptional and broad ground that the decision of the state court is radically erroneous. The line of duty for this court to follow is clearly and directly pointed out in section 966, Rev. St. U. S., before quoted.

In order to ascertain the law of Nevada the decisions of the state court must be examined. They constitute the law upon the subject under consideration, and, whether right or wrong, they are of binding force and effect upon this court. Morley v. Railway Co., 146 U. S. 166, 167, 13 Sup. Ct. 54, and authorities there cited. The evident object and purpose of section 966 was to bring about and maintain absolute harmony and uniformity between the United States courts and the state courts upon this subject. Rule 30 of the circuit court of appeals for this circuit imposes upon this court substantially the same duty as is specified in section 966, Rev. St. U. S. It reads as follows:

"(1) In cases where a writ of error is prosecuted in this court, and the judgment of the inferior court is affirmed, the interest shall be calculated and levied from the date of the judgment below until the same is paid, at the same rate that similar judgments bear interest in the courts of the state or territory where such judgment was rendered." 11 C. C. A. cxii, 47 Fed. xiii.

What is the law of Nevada, as declared by the decisions of the supreme court? In Hastings v. Johnson, 1 Nev. 613, the court declared that, when the judgment of the court is silent in regard to the collection of interest, no execution calling for payment of interest is authorized by the statute. If this was the only decision in

relation to this matter, it might be argued that it would be the duty of this court to determine whether that decision was not rendered upon a section of the statute other than the one in question here, which, in allowing parties upon certain contracts to agree in writing for the payment of any rate of interest, provides that judgments rendered on such contracts shall conform thereto "and shall bear the interest agreed upon by the parties, and which shall be specified in the judgment" (Gen. St. Nev. § 4904), as the contract in that case might be said to be one that came under this section, and the decision might have rested solely upon the ground that interest could not be collected upon the judgment because no interest was "specified in the judgment." The decision, however, was to the effect that under the law of Nevada, which included both sections, no interest could be collected when the judgment was silent as regards the collection of interest. Moreover, the law of Nevada does not rest upon that decision alone. The identical question here presented was brought before the court in Solen v. Railroad Co., 14 Nev. 405, and the court said:

"The decision in Hastings v. Johnson, 1 Nev. 617, is directly in point * * * upon the real question presented by this appeal. It was therein decided that, where the judgment of the court is silent as regards the collection of interest, it does not authorize the issuance of an execution calling for payment of interest on the judgment, that the execution must follow the judgment, and if the judgment does not call for interest, the execution cannot."

See, also, Solen v. Railroad Co., 15 Nev. 313.

The principle announced in these decisions is the law of the state of Nevada to-day, and, as before stated, must be followed by this court. In obedience thereto it follows that the motion to quash must be, and it is hereby, granted; the costs of this motion to be taxed against respondents.