[S. F. No. 3304.   In Bank.—October 8, 1902.]

## BANK OF WOODLAND, Respondent, v. J. J. STEPHENS, Administrator, etc., et al., Appellants.

FORECLOSURE OF MORTGAGE—RECEIVER—TENANT IN POSSESSION—APPEAL —STAY-BOND AGAINST WASTE.—In an action to foreclose a mortgage where judgment for deficiency is waived, and a receiver of rents and profits has been appointed, leaving the tenant of the mortgagor in possession,—although no bond for deficiency or for the value of the use and occupation is required upon appeal by the mortgagor from the decree, yet in order to stay execution thereof a bond must be given against waste, notwithstanding the tenancy may expire pending the appeal.

APPLICATION for writ of *supersedeas* to stay execution pending appeal from a judgment of the Superior Court of Yolo County. E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

Hudson Grant, for Appellants.

N. A. Hawkins, for Respondent.

TEMPLE, J.—M. R. York died intestate on the 8th of January, 1900, owing the plaintiff nearly nine thousand dollars, secured by mortgage upon a tract of land. Administration was granted on said estate and notice to creditors duly given. After the expiration of the period allowed for the presentation of claims,—to wit, on the eighth day of March, 1902,—plaintiff commenced an action to foreclose its mortgage, which had not been presented to the administrator for allowance. At the commencement of the suit to foreclose a receiver was appointed at the instance of plaintiff to take possession of the mortgaged premises "and receive the rents, income, and profits thereof pending litigation and until after sale of said mortgaged premises and until redemption, and take possession of all crops, rents, and profits, and hold the same as security of the indebtedness secured by said mortgage, and to apply the proceeds thereof under the order of the court."

A portion of the premises had been leased for one year, the rental being a part of the crop. The receiver notified the tenant of his appointment, and the tenant did accordingly deliver to the receiver the portion of the crops which had been reserved as rent. The receiver did not take possession of the premises otherwise than by such demand upon the tenant and such attornment of the tenant to him.

A final decree was entered in the foreclosure suit, in which a portion only of the mortgaged premises was ordered sold, and the receiver was continued "to receive from the tenant in possession of said mortgaged premises, the rents, income, and profits thereof pending litigation and until after sale of said premises."

Evidently, notwithstanding the appointment of the receiver, the administrator and his tenant remained in the actual possession of the mortgaged premises. If the appellant were inclined to commit waste pending the appeal, it is not made to appear that the qualified possession of the receiver, if it can be said to be a possession at all, would prevent it. His tenant and himself may remove buildings or timber or valuable trees,

or they may terminate the tenancy, and leave the appellant in the exclusive possession of the property.

The decree did not provide for a judgment for a deficiency, and could not have so provided, because the mortgage debt was not presented to the administrator for allowance. The appellant could not be held for the value of the use and occupation of the premises while the receiver appointed for and at the instance of the respondent was demanding and receiving the rents. As to such profits, they were after collection in the custody of the court, and before that time appellant was enjoined from collecting them.

The lease was, however, but a verbal lease for a year, which would probably be terminated during the appeal. It seems to me, therefore, that a stay-bond was required. The circumstance would be considered by the court in fixing the amount, but we cannot say that the reason for requiring a stay-bond has no existence in this case. To apply such a rule in any case is dangerously like legislation. The case should be a very clear one to authorize the court to refuse to apply the statute to a particular case.

In *McCallion* v. *Hibernia etc. Soc.*, 98 Cal. 442, the contention was over a fund which had been paid into court, and of which the court had the disposition. The action was not therefore brought to recover money from the appellant in that case, and was not within the meaning of section 942 of the Code of Civil Procedure. In *Owen* v. *Pomona etc. Water Co.*, 124 Cal. 331, the respondent was in possession of the land which was ordered to be sold, and therefore the appellant could not commit waste. It was not a case of foreclosure.

In this case I conclude that a bond should have been given if a stay was desired. The application for a writ of *supersedeas* is therefore denied and the restraining order made by this court vacated.

McFarland, J., Harrison, J., Garoutte, J., and Van Dyke, J., concurred.