[S. F. No. 6704. In Bank.—January 14, 1914.]

## JOHN ZAPPETTINI, Petitioner, v. A. J. BUCKLES, Judge of the Superior Court·et al., Respondents.

APPEAL—APPLICATION FOR WRIT OF SUPERSEDEAS—TITLE OF PROCEEDING.—An application for a writ of *supersedeas* to stay execution pending an appeal from a final judgment should bear the title of the original action, and not be entitled the petitioner against the superior court.

ID.—STAY OF EXECUTION PENDING APPEAL—SALE OF PERISHABLE PROPERTY.—The exception in section 949 of the Code of Civil Procedure, which section provides that the perfecting of an appeal by giving an undertaking or making a deposit stays proceedings in the court below upon the judgment or order appealed from, except where it directs the sale of perishable property, has reference to the case where the order appealed from and directing a sale of certain property has been made upon the ground that the property is perishable, and contemplates an adjudication or a finding to that effect on the part of the court making such order.

ID.—JUDGMENT DISSOLVING PARTNERSHIP AND DIRECTING SALE OF PROPERTY IN POSSESSION OF RECEIVER—STAY OF EXECUTION PENDING APPEAL—NECESSITY OF STAY BOND.—The execution of a judgment dissolving a partnership and directing a sale, by a receiver therefore appointed, of the partnership property, consisting of both real and personal property, is stayed on appeal by the filing of a bond in the sum of three hundred dollars for "damages and costs" as provided by section 941 of the Code of Civil Procedure, and a writ of *supersedeas* will issue to restrain the receiver from selling the property pending the appeal.

ID.—FINALITY OF JUDGMENT—RESERVATION OF QUESTIONS FOR FUTURE DETERMINATION.—A judgment dissolving a partnership, directing a sale of the firm property, and providing for the distribution of the proceeds between the parties, is a "final judgment" within the meaning of the code sections governing appeals, although the compensation of the receiver appointed in the action, and the amount of money to be paid to the creditors of the partnership, are reserved for future determination.

ID.—RULE FOR DETERMINING WHETHER JUDGMENT IS FINAL OR INTERLOCUTORY.—The general rule applicable in determining whether a judgment is final or merely interlocutory is, that if anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the judgment is interlocutory only.

APPLICATION for a Writ of Supersedeas to be directed against A. J. Buckles, Judge of the Superior Court et al.

The facts are stated in the opinion of the court.

Dudley D. Sales, for Petitioner.

W. S. Tinning, for Respondents.

ANGELLOTTI, J.—This is an application for a writ of *supersedeas* to stay execution pending an appeal from what is claimed to be a final judgment in an action brought by petitioner, John Zappettini, as plaintiff, against one Joseph Arata, as defendant, for a dissolution of a partnership existing between the parties, an accounting, and a distribution of the assets remaining after payment of debts between the parties as their respective interests may appear. In this action judgment was given decreeing that the partnership was dissolved, declaring what property belonged to the partnership, describing it, the same consisting of both real and personal property, adjudging that all of said property be sold "together as a whole and in one parcel at public sale for cash" by a receiver theretofore appointed by the court, and that said receiver after deducting the costs and expenses of sale, pay the remainder of the proceeds into court "to abide the further order of the court"; adjudging that the proceeds of the sale be paid and applied as follows: 1. To the payment of the fees and expenses of the receiver, "the same to be fixed and determined by this court," 2. To the payment of the fees and expenses of a referee theretofore appointed, the same "to be fixed and determined by the court," and 3. "To the payment of the debts of said copartnership upon the determination thereof by this court, and that the determination thereof be and is hereby reserved by this court until after the return upon the sale of said property"; adjudging that any money remaining after said payments be divided and paid over to the parties in the following proportions: viz.: to plaintiff John Zappettini, 10.3484 per cent thereof, and to defendant Joseph Arata 89.6516 per cent thereof—such payments to be made "as ordered by the court, or upon the consent of the parties to this action"; and adjudging further

that each party to the action shall pay his own costs. Within the time allowed by law after the giving of said judgment, the plaintiff appealed to this court from said judgment and the whole thereof, by serving and filing his notice of appeal, and filing the three hundred dollar bond for "damages and costs" provided for by section 941 of the Code of Civil Procedure. No other bond was given. Notwithstanding such appeal, the defendant and the receiver are proceeding with the execution of such judgment in so far as it provides for the sale of such property. Hence this application.

This proceeding is improperly entitled. It is a proceeding in the original action, in aid of our appellate jurisdiction, and should be entitled "John Zappettini, Plaintiff, v. Joseph R. Arata, Defendant." Of course this is a matter that we may correct. The clerk of this court will make the correction on the pleadings and in his register of actions.

There is no appeal allowed by law from the judgment referred to unless it can fairly be held to be a "final judgment" within the meaning of those words in subdivision 1 of section 939 of the Code of Civil Procedure, and subdivision 1 of section 963 of the Code of Civil Procedure. If it is only what is called an interlocutory judgment and decree it is not one of the interlocutory decrees specified in said sections as appealable. If it is such a final judgment, we are satisfied that the execution thereof is in all respects stayed by the appeal by force of certain statutory provisions.

The general rule in regard to the effect of an appeal in the matter of staying proceedings without the giving of a stay-bond is declared in section 949 of the Code of Civil Procedure. That section provides that, except in certain specified cases, none of which need be noticed here except one to which we shall hereafter refer, in cases not provided for in sections 942, 943, 944, and 945, "the perfecting of an appeal by giving the undertaking or making the deposit mentioned in section nine hundred and forty-one, stays proceedings in the court below upon the judgment and order appealed from." The only exception specified in the section which is claimed to be applicable is the following, viz.: "except where it directs the sale of perishable property; in which case the court below may order the property to be sold and the proceeds thereof to be deposited, to abide the judgment of the appel-

late court.'' We deem this provision inapplicable here for the reason that none of the property was ordered sold as or upon the ground that it is perishable property. In this case there has been no adjudication upon any such question in the superior court. The statutory provision in question has reference to the case where the order appealed from directing a sale of certain property has been made because and upon the ground that the property ordered sold is perishable, and contemplates an adjudication or a finding to that effect on the part of the court making such order.

The case before us is not within any of the rules declared in sections 942, 943, 944, and 945 of the Code of Civil Procedure, as those sections have been construed by this court. The only one of these sections that could be claimed to be applicable is section 945, which provides that if the judgment or order appealed from direct the sale or delivery of possession of real property, the execution of the same cannot be stayed, unless a written undertaking be given by appellant to secure the other party against damages by waste and for the value of the use and occupation of the property, and when the judgment is for a sale of mortgaged premises, also for the payment of any deficiency arising on the sale. The judgment here is one for the sale of real as well as personal property. But at the time of the judgment all of the property was and ever since has been in the actual possession of the superior court, by its receiver, and appellant has not been in possession of any part thereof. It was said in *Pennie* v. *Superior Court,* 89 Cal. 33, [26 Pac. 617] that those sections (942 to 945 inclusive) ''apply to cases where the appellant has money or other property in his possession which has been adjudged by the lower court to belong to the respondent, or where the appellant has been directed to do some act for the benefit of the respondent, and where it would be unjust to allow the appellant to retain the possession of the property, and perhaps dissipate it, or put it out of his power to perform the act required, without securing respondent by a bond. (See, also, *Rohrbacher* v. *Superior Court,* 144 Cal. 633, [78 Pac. 22].) This is certainly true as to section 945 of the Code of Civil Procedure, and it is settled that the provisions of this section have no application to an appeal from a judgment directing the sale of real property where the

appellant is not in possession or control of the property, and the judgment is not one for sale under a mortgage where a deficiency bond is required. (*Owen* v. *Pomona Land etc. Co.,* 124 Cal. 331, 334, [57 Pac. 71].) The decision in *Bank of Woodland* v. *Stephens,* 137 Cal. 458, [70 Pac. 293], was expressly placed on the ground that the mortgagor and his tenant "remained in actual possession of the mortgaged premises." In *McCallion* v. *Hibernia Sav. & Loan Soc.,* 98 Cal. 442, [33 Pac. 329], the fund directed to be delivered had been delivered to and was in the hands of the trial court, to abide the determination of the litigation, and it was held not only that such fact did 'away with the requirements of section 943 of the Code of Civil Procedure, by the terms of the section itself, but also that "the principle declared in the authorities previously quoted would also defeat any claim by respondent respecting the necessity for a stay-bond, even in the absence of such provision in the section."

All of the property directed to be sold being in the actual possesssion of the superior court, and the appellant not having possession of or control over any part thereof, the case before us is one, then, where the appeal being regularly taken, the statute in terms stays execution of the judgment, and this court is without any discretionary power in the matter. It can only enforce the law, regardless of the possible loss or hardship to the respondent.

The allegations in respondents' answer filed on this application as to the perishable nature of some of the property and the loss that will ensue if the property be not sold prior to the conclusion of the litigation are therefore immaterial here. As to this, however, it may be said that the superior court may have the power, notwithstanding the appeal, on a proper application and showing, to order the immediate sale of any property that may properly be held to be "perishable property." (See *Rogers* v. *Superior Court,* 158 Cal. 467, [111 Pac. 357].) No such question is before us, however, on this application.

We do not consider it material on this application that appellant asked in his complaint that "the property of said firm, both real and personal, be sold." We cannot inquire here how it came to pass that the judgment was given. We have a judgment of a certain character, and the statute sub-

stantially says that the execution of such a judgment is stayed by an appeal, without the giving of any stay-bond. It may be that the pleadings are in such condition and that the proceedings in the lower court were such that it can fairly be held that the portion of the judgment relative to the sale of the property was a consent judgment, and that appellant may not maintain an appeal from *such portion of the judgment.* If this be so, and of course we do not express an opinion on that matter here, respondents' immediate remedy is a motion to dismiss the appeal in so far as that portion of the judgment is concerned. We cannot consider the point on this application.

There remains only the question whether the judgment appealed from is a "final judgment" within the meaning of those words in our statutes on appeal. Notwithstanding the deferring of the fixing of the compensation of the receiver and of the referee, and the reservation of the determination of the question of the debts of the firm to others, the judgment fully and finally determined all the rights of the parties as between themselves. The partnership was dissolved, all the property was ordered sold, and the manner in which the proceeds should be divided was finally adjudicated, including the respective proportions of the two partners in any money remaining after the payment of the costs of sale, fees of receiver, fees of referee, and the debts of the firm. Nothing remained to be done by the court except the mere ascertainment of the amounts due to others than the parties on account of fees for services in the action and debts owing by the parties as partners, and to see that the decree already made was properly executed. Upon the subsequent ascertainment of the amounts due to others by force of the judgment appealed from the parties to this action will become entitled to the portions of the remainder adjudged to belong to them. It is sometimes very difficult to determine whether a decree is a "final judgment" within the meaning of that term as used in our statutes concerning appeals. We are of the opinion that the decree before us should be held to be such a final judgment. A somewhat similar decree was held to come within this term in *Clark* v. *Dunnam,* 46 Cal. 204, where the decree was one for the dissolution of the partnership, a sale of all its property and effects, the payment out

of the proceeds of sale, 1st, of the expenses of sale, 2d, any balance due to the receiver, 3d, certain costs, 4th, a certain sum to a creditor, and 5th, any balance remaining to the partners in certain proportions fixed by the decree. It was said that this determined the whole matter in litigation, and that nothing remained for the court to do except to see that the decree was duly executed. In this case, it is true that we have a reservation by the court of the question of the debts due others from the partnership, with the result that some action is essential before it can be determined what the surplus will be for division between the partners. That the exact amount of surplus for division between the parties has not been ascertained does not, however, prevent the decree from being a final judgment within the meaning of the statute. In *Clark* v. *Dunnam*, the balance due the receiver was not ascertained, and, of course, wherever the property to be divided consists of the proceeds of a sale to be had, the exact amount can be ascertained only after the sale is had. The general rule applicable in determining whether a judgment is final or merely interlocutory, as deducible from the authorities, is that if anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the judgment is interlocutory only. Mr. Freeman in his work on Judgments says that if after a decree has been entered, no further questions can come before the court except such as are necessary to be determined in carrying the decree into effect, the decree is final. (Sec. 22). In section 24, he says that although other-proceedings before the master are necessary to carry the decree into effect, yet if all consequential directions depending upon the result of the proceedings are given in the decree, it is final. He further says that it is none the less final because some future orders of court may be, necessary to be carried into effect, nor because some independent branch of the case is reserved for future consideration, nor because an account is directed to ascertain what sum is due from one to the other as the result of the decision. In the case before us, nothing further in the nature of judicial action on the part of the court is essential to a final determination of the asserted rights of the respective parties. Those rights are fully established by the judgment. Other proceedings re-

CLXVII Cal.—3

quired before the court are simply such proceedings as are necessary to carry the judgment into effect. They relate solely to the ascertainment of the amount of money to be paid from the net proceeds of the sale to other persons, to creditors of the partnership and for fees and expenses of the receiver and referee, the remainder, after such payment, to be divided between the partners in the proportions specified in the judgment. All consequential directions depending on the result of the subsequent proceedings are given in the decree. It seems to us that under the general principles declared to obtain in such matters, the reservation by the court of the determination of these matters does not prevent the judgment before us from constituting a "final judgment" as between the parties thereto, within the meaning of those words as used in our statutes relating to appeal.

There appears to be some conflict in the authorities in the application of the well settled rules bearing on the matter before us, but so far as we have found there is no decision of this court at variance with the views we have expressed, and what is said in *Clark* v. *Dunnam,* 46 Cal. 204, appears to be in line with those views.

We are forced to the conclusion that, under the law, the petitioner is entitled to the relief asked.

Let the writ of *supersedeas* issue restraining the superior court of Solano County and the judge thereof, and its officers, and the defendant Arata, from proceeding with the execution of any portion of the judgment given on August 7, 1912, in said superior court, in the action wherein John Zappettini was plaintiff and Joseph Arata was defendant, so long as there is any appeal pending therefrom.

Sloss, J., Lorigan, J., Melvin, J., Henshaw, J., and Shaw, J., concurred.