## WATER CO. OF TONOPAH v. TONOPAH EXTENSION MINING CO.

No. 2261.

District Court, D. Nevada.

Nov. 17, 1931.

Walter Rowson, of Tonopah, Nev., for plaintiff.

Cooke, Stoddard & Hatton, of Tonopah, Nev., for defendant.

NORCROSS, District Judge.

This cause was tried before the late Judge Farrington, who on March 24, 1929, signed a judgment in form prepared by counsel for plaintiff for the principal sum of $23,009. The judgment as so signed and entered contained no express provision for interest thereon until paid. The principal amount of the judgment, together with costs entered therein by the clerk, was paid to plaintiff by defendant on September 30, 1930. It appears from an unchallenged statement contained in plaintiff's brief that such payment was subject to the condition that it was accepted "without waiver of plaintiff's right to col-

lect the full amount of accrued interest should it be determined by the court that plaintiff is thereto entitled." On March 7, 1931, plaintiff filed a motion to amend the judgment by adding the words and figures, "together with interest thereon at the rate of seven (7%) per annum from the date hereof until paid." Upon the same date upon application of plaintiff, execution was issued for the amount of accrued interest on the judgment in the sum of $2,295.95. On March 23, 1931, defendant filed its motion to recall and quash the said execution. By stipulation of the parties, levy of the execution was to remain in abeyance until the determination of the question of law presented upon said motions. The question so presented is whether interest accrues upon the judgment, notwithstanding the judgment entered contains no express provision therefor.

Defendant's contention that interest may not be recovered upon the judgment is based upon certain decisions of the Supreme Court of this state, which this court and the Circuit Court of Appeals of this circuit have held to be controlling. It is plaintiff's contention that these decisions are no longer binding because of changes subsequently made in the state statutes.

In the case of Solen v. Virginia & Truckee R. Co., 14 Nev. 405, decided at the October term, 1879, the opinion of the court by Hawley, J., held the decision in Hastings v. Johnson, 1 Nev. 617, to be "directly in point," and that "it was therein decided that where the judgment of the court is silent as regards the collection of interest, it does not authorize the issuance of an execution calling for payment of interest on the judgment; that the execution must follow the judgment, and if the judgment does not call for interest, the execution can not." In the concurring opinion of Leonard, J., appears the statement: "If the question decided by the majority of the court in that case was now presented for the first time, I could not agree with the conclusion arrived at."

In the matter of interest on judgments entered in federal courts, the law controlling judgments in state courts is made applicable. 28 USCA § 811. In the case of Moran v. Hagerman (C. C.) 69 F. 427, 431, Hawley, J., then speaking for this court, referring to the Nevada cases cited, supra, said: "The principle announced in these decisions is the law of the state of Nevada to-day, and, as before stated, must be followed by this court." Upon appeal, the order quashing the writ of execution was affirmed. Hagerman v. Moran (C. C. A.) 75 F. 97.

The Legislature of 1911 adopted an entirely new Civil Practice Act (Rev. Laws 1912, §§ 4943–5821). While in the main it followed the prior existing act, and may appropriately be said to be a revision of such prior act, the chapter entitled "Manner of giving and entering judgment" contains an important addition. Section 329 of the act (Rev. Laws 1912, § 5271) is substantially section 3 of the act of 1861 (St. 1861, c. 34), entitled "An act in relation to Money of Account and Interest," with the following sentence added: "When no rate of interest is provided by contract or otherwise by law or specified in the judgment, the judgment shall draw interest at the rate of seven per centum per annum from the time of the entry of the judgment until satisfied." Nev. Comp. Laws, § 8827.

Counsel for defendant contend that this new provision in the Civil Practice Act should be construed only to the effect that, where the judgment specifically provides for interest, but is silent respecting the rate, then the rate of 7 per cent. should govern. While it is to be regretted that the state Supreme Court has not had occasion to construe this new provision of the Practice Act, we think it is not entitled to the restricted construction contended for.

Section 4 of the said act of 1861 (Comp. Laws, § 4322) has also been twice amended since the decisions relied upon by defendant, so that it now reads:

"When there is no express contract in writing fixing a different rate of interest, interest shall be allowed at the rate of seven per cent per annum upon all money from the time it becomes due, in the following cases: * * *

"(c) Upon judgments rendered by a court in this state."

Section 339 of the Civil Practice Act of 1911 (Comp. Laws, § 8837) recites the requirements of a writ of execution, and requires "the sheriff to satisfy the judgment with interest."

The restricted construction contended for by defendant is out of harmony with the two sections of the Code last cited. See, also, section 336 of the Civil Practice Act (Comp. Laws, § 8834). We might, however, have had some hesitancy in also giving the provisions of these sections of the Code last mentioned consideration, in view of the fact that in a modified form such provisions were in force at the time of the decision in the Hastings v. Johnson Case, were it not for the fact

that the decision was by a divided court, was apparently followed with some reluctance in the later Solen Case, and is against the weight of authority. 35 C. J. 215.

As said in Glenn v. Rice, 174 Cal. 269, 162 P. 1020, 1023, a judgment bears interest from its date "by force of the law, and not by reason of any declaration it may contain to that effect."

For the reason that a material change has been made in the laws of the state respecting interest on judgments since the decisions rendered in the Hastings and Solen Cases, rendering such decisions no longer applicable, the defendant's motion to recall and quash the execution should be and is denied.

There being no necessity to amend the judgment so as to provide specifically for interest, plaintiff's motion to so amend is also denied.

It is so ordered.