JUAN RAMÓN RUBERTÉ ET AL., Plaintiffs and Appellants, v. AMERICAN RAILROAD COMPANY, Defendant and Appellee.

No. 7687. Argued May 9, 1938.—Decided May 13, 1938.

*Fernando B. Fornaris, R. Hernández Matos* and *E. Huertas Zayas* for appellants. *Mariano Acosta Velarde* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

In an action for damages this court reversed a judgment for defendant, and rendered judgment for $4,000 in favor of plaintiffs. *Ruberté* v. *American Railroad Company,* 52 P.R.R. 157. Defendant deposited in the district court the amount of the judgment with interest at 6 per cent from the date thereof. Plaintiffs invoked sections 306 and 341 of the Code of Civil Procedure in support of a motion filed in the district court for an order directing the secretary to include in the judgment for $4,000 interest from the date of the judgment of dismissal by the district court. The present appeal is from an order denying this motion.

This court January 31, 1938, granted appellants an extension of time within which to file a brief. Appellants moved March 30th for a new term. Appellee objected on the ground, among others, that the motion did not disclose any meritorious grounds of appeal. Appellee also moved to dismiss the appeal as frivolous.

Appellants point out that in their motion for a new term they stated that the question involved was "interesting and substantial." They offered as additional reasons why the appeal should be considered on its merits the following:

"The question is new in this Court; section 306 of the Code of Civil Procedure (1933 edition) provides that this Court when it reverses the judgment of a district court "shall proceed to render such judgment, order or decree as the court below should have rendered;" this provision is not found in section 958 of the California Code but is an innovation; if this Court renders the judgment which the district court should have rendered, it relates back to the date of the district court's judgment and interest should run from that date; interest is included by force of law; the nature of the action is not important (section 341 of the Code of Civil Procedure and *Hernández Mena* v. *Foote,* 22 P.R.R. 705); interest is allowed by section 341 as indemnity for a right of which a party had been deprived by refusal of the losing party to confess the fault; this

right to interest should not be prejudiced by judicial error; "interest from time of rendition of judgment is not affected by modification of judgment on appeal", Kerr's Cyclopedic Codes of California (1920, 2d Edition) Vol 3, Part Two, 2376, section 1035 and *Clark* v. *Dunnam,* 46 Cal. 204, 208; "interest must be allowed from date of rendition of judgment, and where judgment is modified after appeal,, it should draw interest from date of its original rendition, and not only from date of modification", *Barnhart* v. *Edwards,* 128 Cal. 572; "in actions on debts upon judgments, interest is generally allowed as damages." *Perkins* v. *Fourniquet,* 14 L. Ed. 441, 14 How. 328; Plaintiffs' claim was liquidated and substantiated by the judgment of this Court and that judgment, being the judgment which the district court should have rendered, relates back to November 16, 1932, and interest runs thereon from that date by force of the written law."

As pointed out in *Franceschi* v. *López de Tord, ante,* p. 72, the general rule in cases of this kind may be found in 33 C.J. at page 248, section 161. The argument for appellants fails to satisfy us that the appeal has any merit and appellee's contention that it is clearly frivolous must be sustained.

The motion for a new term will be denied and the appeal will be dismissed.