[No. 6,833.]

## ROOT, NEILSON & CO. *v.* BRYANT.

APPEAL—STAY OF PROCEEDINGS — UNDERTAKING.— An undertaking for costs and damages under § 941, Code of Civil Procedure, stays proceedings on an appeal in all cases, except those specified in the Code of Civil Procedure, §§ 942–5. *Held,* accordingly, upon an appeal from a judgment for the foreclosure of a lien and the sale of the property subject thereto—the appeal being taken by. a lien-holder, not in possession of the land, whose lien was adjudged subordinate to the lien foreclosed—that the undertaking for costs and damages staid the judgment.

MOTION in the Supreme Court for an order to stay proceedings pending the appeal.

The facts are stated in the opinion.

*Geo. Cadwalader*, for Appellant.

Unless the case be one embraced in §§ 942, 943, 944, or 945, Code of Civil Procedure, the three hundred dollar bond filed by the bank operates as a stay. (*Covarrubias' Case*, 52 Cal. 622; Code Civ. Proc. § 949.) If it is embraced within either of these sections, it must be under § 945. That it does not come under this section is, however, clear. This section provides for two distinct cases, namely, that of a judgment for the sale, and that of a judgment for the delivery of possession of real property. (*England* v. *Lewis*, 25 Cal. 354.) The provision in regard to rents and profits applies only to appeals from decrees directing a *delivery* of the possession of the premises. (*Whitney* v. *Allen*, 21 Cal. 233; *England* v. *Lewis*, 25 Id. 354.) In this case there was no personal judgment, and no judgment for any deficiency. If any bond other than the three hundred dollar bond be required, it must be for waste. But the statute says, when the appellant is in possession he shall give this bond. As a legal conclusion, when he is not in possession he shall not give it. *Expressio unius est exclusio alterius.* If this bond was given to respondent, it would avail him nothing if waste should be committed by the parties in possession, who are not in privity with appellant. As a general principle, the perfecting of an appeal stays the execution of the judgment. (Code Civ. Proc. § 949.) Hence, all additional bonds for the purpose are in the nature of exceptions in favor of respondent. He who claims the benefit of an exception must bring himself clearly within it.

*Geo. E. Bates*, for Respondent.

Department No. 2, by the Court (from the Bench):

The plaintiffs brought this action to foreclose a mechanics' lien upon certain saw-mill property, and impleaded the London and San Francisco Bank as a party holding a subordinate lien upon the same property. The action was tried, and a decree entered, by which it was ordered that the property be sold, and

that Root, Neilson & Co. be first paid their claim in full out of the proceeds of the sale, and that the claim of the London and San Francisco Bank be paid out of the surplus, if any remained. The bank moved for a new trial, which was denied; and from that order and the judgment it has appealed to this Court. It is stipulated in the transcript, "that a sufficient undertaking on appeal has been properly filed, and in due form." The undertaking filed is the one prescribed by § 941, Code of Civil Procedure. The plaintiffs do not deem that sufficient to stay proceedings pending the appeal, and have caused an execution to issue, and delivered it to the Sheriff, with directions to proceed and sell the property under the decree. To prevent that, this motion is made on behalf of the bank, for an order staying proceedings pending the appeal.

This, in our opinion, is not a case provided for in §§ 942, 943, 944, or 945 of the Code of Civil Procedure, and therefore, the undertaking filed is sufficient to stay proceedings pending the appeal, as it does not appear that the property which the Sheriff is about to sell is perishable property.

The motion for an order staying all proceedings upon the judgment in said action, pending the appeal therefrom, is therefore granted.