[No. 13073.   In Bank. — May 7, 1890.]

## D. McMILLAN, RESPONDENT, *v.* L. A. HAYWARD ET AL., APPELLANTS.

FORECLOSURE — STAY OF EXECUTION — PARTY IN POSSESSION. — A defendant in foreclosure who is residing on the mortgaged premises, but who holds in subordination to another, cannot have a stay of execution without giving the undertaking prescribed by section 945 of the Code of Civil Procedure. Nor can the person in subordination to whom the property is held have a stay without giving such undertaking.

PRACTICE — MOTION IN SUPREME COURT FOR A STAY — SHOWING — AFFIDAVITS MUST STATE FACTS — INSTANCE. — Upon a motion in the supreme court for a stay of execution, the affidavits must state facts, and not mere general conclusions. It is not sufficient for the moving party to state generally that a person was not "in possession" of the property.

MOTION for a stay of proceedings upon a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*R. Percy Wright,* and *Theodore Bradley,* for Appellants.

*W. B. Tyler,* for Respondent.

HAYNE, C.—This is a motion made in the appellate court for an order staying proceedings upon the judgment in the court below.

The suit was to foreclose a mortgage made by one Frank Scherf in his lifetime. He died, leaving a will by which all of his property was devised to his widow, Annie Scherf, who was appointed executrix, and qualified as such. Pending administration she married one Raschke, and the defendant Hayward was appointed administrator with the will annexed. This administrator, the surviving wife, the three minor children of the deceased, and the second husband were made defendants in the suit, upon the allegation that they had or claimed some interest which was subsequent and subject to the lien of the plaintiff's mortgage. The complaint expressly waived all claim to a judgment for a deficiency, and no judgment for a deficiency was rendered. All of the defendants (except the second husband) appeal; and an undertaking in the sum of three hundred dollars was given.

The argument for the stay is, that if any one of the appellants be entitled to a stay, the whole judgment must be stayed, because it does not command the sale of the interest of any particular defendant, but of the whole property; and that the defendants, other than the surviving wife, are entitled to a stay on their three-hundred-dollar bond, because, as is alleged, they are not in possession, and hence are not within any of the sections providing for a special stay bond.

It is true that if the case does not fall within any of the sections providing for a special bond, the three-hundred-dollar bond effects a stay. And the only section that can be claimed to provide a special stay bond is as follows:—

"If the judgment or order appealed from direct the sale or delivery of possession of real property, the execution of the same cannot be stayed, unless a written un-

dertaking be executed on the part of the appellant, with two or more sureties, to the effect that during the possession of such property by the appellant he will not commit or suffer to be committed any waste thereon, and that if the judgment be affirmed or the appeal dismissed, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof, pursuant to the judgment or order, not exceeding the sum to be fixed by the judge of the court by which the judgment was rendered or order made, and which must be specified in the undertaking. When the judgment is for the sale of mortgaged premises, and the payment of a deficiency arising upon the sale, the undertaking must also provide for the payment of such deficiency." (Code Civ. Proc., sec. 945.)

It is contended that the contents of such an undertaking apply only to an appellant who is in possession, and that, therefore, one who is not in possession is not required to give it. And this seems to have in effect been held. (See *Root* v. *Bryant*, 54 Cal. 182.) But if such be the proper construction, a large meaning must be given to the word "possession." In the first place, it must be held to apply to any person who is actually residing on the premises. If such a person appeal, and desires a stay, he must give the specified bond. He cannot have a stay without it upon the plea that he is only an agent, or that he occupies in subordination to or in connection with somebody else. And in the second place, the word must be held to include the persons in subordination to whom the property is held. If such persons appeal, and desire a stay, they cannot have it without the required undertaking on the ground that another is in the actual occupation of the property, if such other holds in subordination to them.

Now, the affidavits upon which the motion is based do not, in our opinion, show that the case does not fall

within the section as above construed. The affidavit of the surviving wife states that "she is now, and has been ever since the death of her former husband, Frank Scherf, on the thirty-first day of October, 1875, in the sole possession of said real property, and the whole thereof." And the affidavit of the administrator states that "he has not, either as such administrator or individually, at any time been in the possession or occupation of said real property, or had any tenant or other person in possession of the same for him, either as such administrator or individually; that the defendant and appellant Anna Raschke is now, and has been ever since the commencement of said action, in the sole possession and occupation of said real property, and the whole thereof."

That is all that the affidavits show concerning possession. Nothing is said concerning the children, who, being minors, must be presumed to reside with their mother. And it is obvious that the statements quoted are mere general conclusions, which, in one sense, would be true if the surviving wife resided on the property, with her minor children, with permission of the administrator. If there is no homestead, the administrator has the right to the possession, and it is his duty to take it, and in the very common case where he acquiesces in the occupation of the residence by the widow and children pending administration, such occupation must be held to be in subordination to him. Certainly the statute of limitations would not run in favor of such occupants. There is nothing to show that the widow and the administrator are not in perfect accord on the subject; and that there is no conflict between them is to be inferred from the fact that both in the trial court and upon appeal they appear by the same attorney, who certainly would not undertake to represent conflicting interests.

Upon the case presented, we are clearly of opinion that there is no sufficient showing that any of the appellants

are entitled to a stay without giving the bond required by section 945 of the Code of Civil Procedure, construed as we have indicated, and we therefore advise that the motion be denied.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the motion is denied.