[No. 14321.    Department Two. — September 21, 1891.]

NAT JOHNSON, RESPONDENT, v. JOHN C. KING ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE — UNDERTAKING ON APPEAL — STAY OF EXECUTION — BOND FOR DEFICIENCY — INDEPENDENT OBLIGATION — LIABILITY OF SURETIES. — An undertaking upon appeal from a judgment of foreclosure, given under section 945 of the Code of Civil Procedure, by a defendant in possession of the premises, to stay execution of the decree, and providing for the payment of any deficiency arising upon the sale of the premises, is an independent obligation founded upon the provisions of the statute, which apply to the appellant, whoever he may be, who desires to prevent a sale and enjoy the possession of the property during the pendency of the appeal; and the fact that the appellant was not the mortgagor in the foreclosure suit, and therefore not bound by the deficiency judgment, does not relieve the sureties upon the undertaking from liability for the payment of such deficiency.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*Charles R. Gray*, for Appellants.

Since the complaint does not show that any privity of estate in the premises mortgaged existed between the mortgagor, Winders, and McDuffee, in order to perfect an appeal, and also a stay of execution, the only bond necessary was the three-hundred-dollar undertaking on appeal. (Code Civ. Proc., secs. 941–949; *In re Schedel*, 69 Cal. 243; *Born* v. *Horstmann*, 80 Cal. 452.) It is only when a mortgagor appeals, that an undertaking to pay a deficiency must be given. (See Code Civ. Proc., sec. 945.)

*Harris & Gregg,* for Respondent.

The judgment being one for the sale of the premises, and the payment of a deficiency arising upon the sale, an undertaking to stay execution had to be given to effect a stay. (Code Civ. Proc. sec. 945; *Home Association* v. *Wilkins,* 64 Cal. 379.) The undertaking was an independent contract on the part of the sureties. (*Curtis* v. *Richards,* 9 Cal. 33; Code Civ. Proc., sec. 945.)

McFARLAND, J. — This is an action against the sureties on an undertaking on appeal. Judgment was rendered for plaintiff on the pleadings, and defendants appeal.

The action in which the undertaking was given was brought by plaintiff herein against one Winders, one McDuffee, and several other defendants, to foreclose a mortgage executed by said Winders to plaintiff. McDuffee was in possession of the mortgaged premises at the time the action was commenced. Judgment was rendered in that action, foreclosing the mortgage against all the defendants, with the usual provisions for a deficiency judgment against the mortgagor. McDuffee appealed from the judgment, and from an order denying a new trial; and for the purpose of staying execution, the defendants in the present action executed an undertaking in the statutory form on the part of said McDuffee, in which they undertook that if the judgment should be affirmed or the appeal dismissed, "said appellant will pay any deficiency arising upon the sale of the premises described in said judgment." The judgment and order appealed from were afterwards affirmed; and after the sale of the premises, there was a deficiency within the penal sum of the undertaking, for which the judgment in the case at bar was rendered.

The only point made by appellant which seems necessary to be noticed is, that because McDuffee was not the mortgagor in the foreclosure suit, and because no deficiency judgment could be rendered against *him,* therefore the parties on the undertaking are not liable to pay

such deficiency.   It seems to be contended that such an undertaking can be legally given only by the party against whom the deficiency judgment could be rendered. But the undertaking is an independent obligation founded on the provisions of the statute, which apply to the " appellant," whoever he may be.   Section 945 of the Code of Civil Procedure provides that a judgment of foreclosure shall not be stayed unless there be an undertaking " on the part of the *appellant* . . . . to the effect that during the possession of such property by the appellant, *he* will not commit waste," etc.; and that " when the judgment is for the sale of mortgaged premises *and* the payment of a deficiency arising upon the sale, the undertaking must also provide for the payment of such deficiency."   This language clearly applies to a defendant who appeals, whether he be the mortgagor or a party who claims the mortgaged premises and desires to prevent a sale and enjoy the property during the pendency of the appeal.   There are no other points made by appellants which require special notice.

Judgment affirmed.

DE HAVEN, J., and BEATTY, C. J., concurred.