[No. 14969. In Bank. — June 18, 1892.]

## E. F. SPENCE, Trustee, Respondent, v. JESSUP W. SCOTT et al., Defendants, and HENRY I. KOWALSKY, Appellant.

FORECLOSURE OF MORTGAGE — APPEAL — BOND FOR DEFICIENCY. — Where a decree foreclosing a mortgage includes a deficiency judgment, its execution cannot be stayed, in favor of any appellant, unless he gives an undertaking on appeal to provide for the payment of such deficiency, although he may not be the mortgagor, and there is no deficiency judgment against him, and regardless of whether he is in possession or not.

APPLICATION to stay execution upon appeal from a judgment of the Superior Court of the county of Los Angeles foreclosing a mortgage. The facts are stated in the opinion of the court.

*David Friedenrich*, for Appellant.

*A. B. Hotchkiss*, for Respondent.

*Houghton, Silent & Campbell*, for Defendant Scott.

The COURT. — This cause is now before us upon the application of appellant Kowalsky for an order restraining the sheriff of Los Angeles County from executing a deed to respondent, pursuant to a foreclosure sale, upon the ground that said Kowalsky has appealed to this court from the judgment of foreclosure, and has executed an undertaking on appeal which stays all proceedings. A temporary order was made, so restraining the sheriff

pending the hearing and determination of the application.

It appears now that the decree of foreclosure included a deficiency judgment, and that the undertaking on appeal in this case does not provide for the payment of such deficiency. It was substantially decided in the case of *Johnson* v. *King*, 91 Cal. 307, that in such a case the appellant, whosoever he may be, if he desires a stay of proceedings, must give an undertaking for the deficiency. And that case is not in conflict with either *Home Loan Ass'n* v. *Wilkins*, 64 Cal. 379, or *Englund* v. *Lewis*, 25 Cal. 327, cited by appellant. In the former case an opinion seems to have been first rendered in Department, but a hearing in Bank was ordered, and in the opinion of the court in Bank the point involved here was not determined; while *Englund* v. *Lewis*, 25 Cal. 327, is strictly in accord with *Johnson* v. *King*, 91 Cal. 307.

It is true that in *Johnson* v. *King*, 91 Cal. 307, the appellant was in possession, although he was not the mortgagor, and there was no deficiency judgment against him; but it was held that the provision applies to all appellants. Section 945 of the Code of Civil Procedure is entirely clear upon the subject. It provides that a judgment of foreclosure shall not be stayed unless there be an undertaking " on the part of *the appellant*," to the effect, among other things, that " when the judgment is for the sale of mortgaged premises *and* the payment of a deficiency arising upon the sale, the undertaking must also provide for the payment of such deficiency."

The temporary restraining order is discharged, and the application is dismissed.