[L. A. No. 485. In Bank.—April 20, 1898.]

ANTHONY G. HUBBARD, Respondent, v. UNIVERSITY BANK OF LOS ANGELES et al., Appellants.

APPEAL—FORECLOSURE—STAY BOND—EX PARTE ORDER FIXING AMOUNT.—Under section 945 of the Code of Civil Procedure, the judge of the trial court is authorized, upon an *ex parte* application, to fix the amount of the stay bond on appeal in foreclosure suits; and after the bond has been filed in compliance with such *ex parte* order, the appeal is perfected, and all further proceedings in the court below are thereby stayed, and it has no power thereafter to require a bond to be given in a larger amount.

MOTION for a *supersedeas,* on an appeal from a judgment of the Superior Court of Los Angeles County. W. H. Clark, Judge.

The facts are stated in the opinion of the court.

R. Dunnigan, and H. L. Dunnigan, for Appellants.

E. R. Annable, for Respondent.

BEATTY, C. J.—This is a motion by appellants for a *supersedeas.* The appeal is from a decree directing the sale of mortgaged premises, and for a deficiency judgment. Upon the *ex parte* application of appellants the trial judge fixed the amount of a stay bond at two thousand four hundred dollars, and a bond

in that amount was filed. Subsequently the respondent, upon notice to appellants, moved the trial court to enlarge the amount of the stay bond, and an order was thereupon entered requiring appellants to increase their bond within five days to six thousand dollars. This order having been disregarded by appellants, the sheriff proceeded under his order of sale to sell the property, which was bid in by the respondent. Upon these facts we are asked to set aside the sale of the property and direct a stay of all proceedings under the decree pending the appeal.

The only question to be decided is whether, after a stay bond has been filed in compliance with an *ex parte* order fixing the amount, the trial court retains any power to vacate or modify such order so as to require a bond in a larger amount.

It has been generally understood by the profession, and in *Boob v. Hall*, 105 Cal. 413, it was expressly held, that section 945 of the Code of Civil Procedure authorizes the judge of the trial court to fix the amount of the stay bond on appeal in foreclosure suits. There is no express provision of the statute requiring this order to be made upon notice, and nothing implying the necessity of notice. It may, therefore, be made *ex parte*, as in this case, though it would no doubt be a safer and better practice to give the respondent an opportunity to be heard.

When, however, the order has been made and complied with the appeal is then perfected, and all further proceedings in the court below are thereby stayed. This is the express declaration of the statute (Code Civ. Proc., sec. 946), and it seems to exclude any power in the court to impose further conditions upon the appellant. (And see *Lee Chuck v. Quan Wo Chang Co.*, 81 Cal. 227; 15 Am. St. Rep. 50.)

The failure of appellants in this case to comply with the order requiring them to file another bond in a larger amount did not, therefore, affect the stay already secured by compliance with the first order, and the sale of the mortgaged premises was unauthorized.

There is some claim that the sureties on the stay bond failed to justify after due exception to their sufficiency—but we think this claim is not sustained by the evidence. We find from the affidavits that the sureties appeared at the proper time and offered to justify, but at respondent's suggestion the matter was post-

poned from time to time until his motion to enlarge the stay bond was sustained, whereupon he seems to have abandoned his proceedings to justify the sureties upon a bond which he regarded as of no further consequence.

It is ordered that the sale of the mortgaged premises be vacated and set aside, and that all further proceedings upon the judgment appealed from be stayed pending the appeal.

Van Fleet, J., McFarland, J., Temple, J., and Harrison, J., concurred.