## SHEFFER v. GRIFFITHS et al.

No. 4460.   Decided March 28, 1927.   Rehearing Denied April 21, 1927.
(255 P. 668.)

*Fonnesbeck & Nelson,* of Logan, for appellant.

*J. C. Walters,* of Santa Monica, for respondent.

STRAUP, J.

Sheffer, the plaintiff below and respondent here, held two promissory notes signed by Griffiths, one for $1,500 and the other for $1,300, secured by two separate mortgages, but on the same described real estate owned by Griffiths, and another note executed by Griffiths for $479, to secure which Griffiths assigned all of his interest as the sole heir in an estate consisting of other real estate, which assignment in effect also was a mortgage. These notes, mortgages, and assignments were acquired by Sheffer from prior holders. After the execution of them, including the assignment, the Smithfield Implement Company and its assignors obtained a money judgment against Griffiths in the sum of $652. The implement company, to satisfy its judgment, levied on Griffiths' interest in the estate property, and sold and pur-

chased it on execution sale. Sheffer brought an action to foreclose his mortgages, including the assignment of Griffiths' interest in the estate. Griffiths and the implement company were made parties defendants. In that action the chief contentions of the parties were these: The implement company conceded that the mortgages given to secure the two notes, one for $1,500 and the other for $1,300, were prior and superior to its judgment lien. It also conceded that the assignment of Griffiths' interest in the estate to the extent as security for the payment of only the $479 note also was prior and superior to its judgment lien; but the court, with the contentions of Sheffer, held that the assignment of Griffiths' interest in the estate property was given to secure the payment, not only of the $479 note, but also of the two other notes held by Sheffer, if the mortgages given to secure these were not sufficient to satisfy the payment of them. That was disputed by the implement company, and it was principally from that holding that it appealed to this court. In taking the appeal, the implement company gave the usual cost bond or undertaking in the sum of $300, as provided by Comp. Laws Utah 1917, § 6997. No supersedeas or other stay bond or undertaking was given. No appeal was taken by Griffiths. On that appeal (245 P. 698) we construed the assignment of Griffith's interest in the estate property, as did the district court, and, on September 8, 1925, affirmed the judgment of the court below ordering the property covered by the two mortgages to secure the payment of the $1,500 and $1,300 notes to be first sold, and the proceeds of sale applied in payment of them, then the estate property to be sold, and the proceeds of such sale applied to the payment of the $479 note, and, if any surplus remained of such last proceeds, that it be applied to any deficiency on the $1,500 or $1,300 note, and the excess, if any, yielded up to the implement company.

Soon after the affirmance of the judgment by this court, and within due time, the implement company filed a petition in this court for a rehearing. That application was pend-

ing and not disposed of until May 7, 1926, when it was denied. Pending the appeal, and until the judgment was affirmed, on September 8, 1925, Sheffer made no attempt to have the premises or any part thereof sold, but two days after the affirmance, and without remittitur, and on September 10, 1925, he applied to the district court for, and was granted, an order of sale, and on October 3, 1925, while the case was still pending in this court on application for rehearing, caused the property to be sold, and on such sale purchased it. The implement company objected to the sale, contending that the district court had no authority to order the sale nor to proceed in such matter until the application for rehearing was determined and remittitur to the court below. On April 1, 1926, and within six months (the statutory period for redemption) after the sale, the implement company notified the sheriff who conducted the sale that the case was still pending in this court on petition for rehearing, and that, in the event the petition was denied, the implement company intended to redeem the property from sale. As soon as the petition for rehearing was denied and remittitur sent down, the implement company, on May 10, 1926, which was more than six months from the date of sale, tendered to the sheriff $3,360, together with the interest due and the taxes paid, the amount necessary to redeem, if the implement company was still in time; but the sheriff, until otherwise advised, refused to permit any redemption, claiming that the time for redemption had expired, unless the court ordered him to permit the implement company to then redeem. Thereupon Sheffer filed a motion in the district court praying that the sheriff be directed to issue to Sheffer a deed on the ground that the time for redemption had fully expired when the tender was made, which motion the implement company opposed, and filed a counter motion, asking that it be permitted to redeem as of the time it made its tender. The court granted Sheffer's, and refused the implement company's motion, from which ruling the implement company has again appealed.

The facts hereinbefore recited are all stipulated. In addition thereto it is further stipulated that "the defendant Smithfield Implement Company was the owner of the said premises subject to the plaintiff's adjudged prior lien, and had a right to redeem the same from sheriff's sale; that Smithfield Implement Company appealed to the Supreme Court of the state of Utah from said judgment (heretofore referred to) and filed a cost bond therein, but did not file a supersedeas bond; that the said premises have not at any time been in the possession or control of the Smithfield Implement Company." It was not stipulated whether in the foreclosure proceeding a deficiency judgment was or was not taken, or whether it was therein provided that a deficiency judgment should be entered for any deficiency arising upon the sale of the mortgaged premises. Nor does the record before us otherwise disclose whether in such proceeding a deficiency judgment was or was not so taken or provided.

Upon such record it is contended by the implement company that, to effect a stay of proceedings in the court below pending the appeal, no supersedeas or stay bond was required, and all that was necessary in such respect was the perfecting of the appeal by the giving of a cost bond, as provided by Comp. Laws Utah 1917, § 6997, to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal or a dismissal thereof, not to exceed $300, which undertaking was given. The contrary is contended by Sheffer, and it is urged by him that, in the absence of a supersedeas or stay bond, the district court, notwithstanding the appeal, at any time was authorized, upon Sheffer's application, to order the mortgaged premises sold and a sale to be had as though no appeal had been prosecuted from the judgment of foreclosure; and that, while the implement company was a rightful redemptioner, yet lost that right by its failure to redeem or offer to redeem within six months from the date of the sale, which offer and tender admittedly were not made within such

period. Confessedly, which of these contentions should prevail is dependent upon the statute relating to a stay of proceedings pending an appeal from the kind of judgment appealed from.

Comp. Laws Utah 1917, § 6998, provides that, if the appeal be from a judgment or order directing the payment of money, it does not stay the execution of the same, unless a written undertaking be executed with two or more sureties in double the amount named in the judgment and ■ to pay the same if the judjment be affirmed or the appeal be dismissed, etc. Section 6999 provides that, if the judgment or order appealed from directs the assignment or delivery of documents or personal property, the execution of the judgment cannot be stayed, unless an undertaking be given with two sureties in such amount as the court or judge may direct, etc. Apparently neither of these sections is applicable to the situation in hand. We then come to Comp. Laws Utah 1917, § 7001, relating to further stay undertakings, and under which the case must come if the contention of Sheffer is to prevail. That section provides:

"If the judgment or order appealed from direct the sale or delivery of possession of real property, the execution of the same cannot be stayed unless a written undertaking be executed on the part of the appellant, with two or more sureties, to the effect that during the possession of such property by the appellant, he will not commit, or suffer to be committed, any waste thereon, and that if the judgment be affirmed or the appeal dismissed, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of the possession thereof and of any waste committed thereon, pursuant to the judgment or order, not exceeding a sum to be fixed by the judge of the court by which the judgment was rendered or order made, and which must be specified in the undertaking. When the judgment is for the sale of mortgaged premises, and the payment of a deficiency arising upon the sale, the undertaking must also provide for the payment of such deficiency."

. It is seen that the conditions therein stated requiring the giving of an undertaking to effect a stay, except the last sentence of the. section, relate to the possession of the

property by the appellant, the commission of waste, and the payment of the value of the use and occupation of the property from the time of the appeal until the de- ■ livery of the possession thereof and the payment of any waste committed thereon, not exceeding a sum to be fixed by the judge of the court by which the judgment was rendered or order made. But here it is stipulated that the implement company at no time was in the possession of the premises or had the control of them. While it is not stipulated who was in possession, yet, it being stipulated that the implement company was not, and never had been, in possession of the property, and at no time had control of it, it necessarily follows that, when the appeal was taken, if Griffiths, the mortgagor, or Sheffer, was not in possession, no one in subordination to the implement company was in possession. Thus, inasmuch as the implement company was not in possession of the property, and had no control thereof, it would seem that it, on appeal, in order to effect a stay, was not required to give an undertaking as provided by the statute that it would not commit, or suf- ■ fer to be committed, any waste, or that, if the judgment be affirmed or the appeal dismissed, it would pay the value of the use or occupation of the property from the time of the appeal until the delivery of possession thereof, or pay any waste committed thereon. And, since it was not stipulated or otherwise shown by the record before us that any deficiency judgment was taken or rendered in the foreclosure proceeding, the requirement of the statute relating to the giving of an undertaking for the payment of any deficiency arising upon the sale of the mortgaged premises likewise is not present.

Then what is the situation? We are not left without authority on the matter. In essentials the sections of the California Code corresponding with Comp. Laws Utah 1917, §§ 6997, 6998, 6999, and especially 7001, are similar if not identical with our Code. Section 945 of the California Code in its essentials is identical with section 7001 of our Code.

In considering it the California court held that such section is the only section which provides for a stay on an appeal from a judgment which directs the sale of real property, and particularly the sale of mortgaged premises; that, when the appellant is in possession of the property, or the property is in the possession of one in subordination to him, he, to effect a stay, is required to give an undertaking that he will not commit, or suffer to be committed, any waste thereon, and that, if the judgment be affirmed or the appeal dismissed, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession; but where the appellant is not in possession of the property and has not the control of it, he, to effect a stay, is not required to give an undertaking in such particulars; that, if the judgment appealed from also provides for a deficiency judgment, the appellant, to effect a stay of such portion, whether in possession of the property or not, or whether the deficiency is against him or another, is required to give an undertaking in such sum as may be fixed by the judge of the court rendering the judgment to pay such deficiency; and that, if the appellant is not in possession of the property, nor has the control of it, and if the judgment appealed from does not provide for a deficiency judgment the perfecting of the appeal by giving an undertaking to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal or on dismissal thereof itself operates as a stay. *Root, Nielson & Co.* v. *Bryant,* 54 Cal. 182; *McMillan* v. *Hayward,* 84 Cal. 85, 24 P. 151; *Boob* v. *Hall,* 105 Cal. 413, 38 P. 977; *Johnson* v. *King,* 91 Cal. 307, 27 P. 644; *Spence* v. *Scott,* 95 Cal. 152, 30 P. 202; 2 Cal. Jur. 431, 433, 447.

In *Johnson* v. *King,* supra, speaking of section 945 of the California code, the court said:

"This language clearly applies to a defendant who appeals, whether he be the mortgagor or a party who claims the mortgaged premises and desires to prevent a sale and enjoy the property during the pendency of the appeal."

In *Boob* v. *Hall,* supra, it is said that section 945 is the only section which provides for a stay bond on appeal from a judgment which directs a sale of real property, and particularly the sale of mortgaged premises, and the payment of a deficiency arising upon the sale, but that, by the form of judgment in common use reciting that a certain sum is due upon the debt and mortgage and ordering the mortgaged premises to be sold, and the proceeds applied to the sum due, no judgment for deficiency could be enforced by common execution until after sale and after the application of the proceeds of sale, and thus a bond in double the amount of the sum for which the premises were to be sold was not required, but a bond in a sum to be fixed by the judge of the court rendering the judgment.

In *Root, Nielson & Co.* v. *Bryant,* supra, the court held that an undertaking for costs and damages under section 941 of the Code of Civil Procedure, which is the same as section 6997 of our Code, stays proceedings on appeal in all cases except those specified in the Code of Civil Procedure, sections 942-945, which are the same as sections 6998, 6999, 7000, and 7001 of our Code, and that, upon an appeal from a judgment for the foreclosure of a lien and the sale of the property subject thereto, the appeal being taken by a lienholder not in possession of the land whose lien was adjudged subordinate to the lien foreclosed, an undertaking for costs and damages stayed the judgment.

We thus reach this conclusion: The only provision of the statute applicable to the matter in hand requiring the giving of an undertaking to effect a stay is section 7001; that the provisions of that section requiring an undertaking relating to waste or the value of the use or occupation of the property are applicable only when the appellant, or someone in subordination to him, is in possession or in control of the property. Since it here was stipulated that the implement company was not in such possession or control, it, to effect a stay, was not required to give an undertaking in such particulars; and, since it

is not stipulated or otherwise shown by the record before us that in the foreclosure proceedings any judgment was rendered providing for the payment of any deficiency arising upon the sale of the mortgaged premises, likewise no undertaking with respect to such provision was required, and, in the absence of such conditions, the appeal prosecuted and perfected by the giving of the cost bond, as was done, operated as a stay of proceedings, which stay continued until the petition for rehearing was determined.

Where, in case of foreclosure of a mortgage, the decree does provide for a deficiency judgment, the kind or amount of an undertaking to be given to stay proceedings in such respect, or whether the provisions of the section relating to a stay as to such deficiency are applicable to an appellant in no wise in possession or control of the property and the deficiency not against him nor against one in subordination to him, we express no opinion. We prefer to deal with such question when it is necessarily involved and properly before us.

The implement company, by its motion in the court below, did not, nor does it here, ask that the sale of the premises be vacated. What it asked in the court below, and what it here asks, is that its right of redemption be declared and recognized, and that it be permitted to redeem as of the time it made its tender. Of course, even that involves the question of whether the proceedings pending the appeal were stayed. From what we have said it follows that on the record they were stayed pending the appeal and until the application for a rehearing was denied; and it is stipulated that within six months from that time the amount necessary to redeem was tendered.

Our judgment therefore is that the order of the court below directing the sheriff to issue a sheriff's deed to Sheffer be vacated, and the deed given in pursuance thereof canceled; the cause remanded to the court below, with directions to permit the implement company to redeem, as by the statute in such case made and provided, but, as of the time

of its offer and tender to redeem, on payment of the amount so due and tendered, together with additional taxes, if any such have since been paid, but with no additional interest from the time of such tender or other additional costs or expenses. Taxable costs of this appeal are awarded to the appellant.

THURMAN, C. J., concurs.

CHERRY. J.

I concur in the opinion and judgment of Justice Straup. I think it proper, however, to say that in my opinion the judgment rendered is somewhat of an incongruity. The objections urged by appellant impair and invalidate the sale itself rather than extend the time for redemption. I do not think it correct or consistent to hold that the time for redemption is extended beyond the statutory limit upon the grounds that the sale was invalid. Any redemption presupposes a valid sale. But, since appellant asks no more than the right to redeem, and respondent is not complaining on that score, the order made may be warranted.

GIDEON, J., dissenting.

FRICK, J., died pending the decision.