[S. F. No. 13826. In Bank.—June 20, 1930.]

KEELING COLLECTION AGENCY (a Corporation), Petitioner, v. GEORGE P. McKEEVER, Commissioner, etc., Respondent.

Louis E. Goodman and Louis H. Brownstone for Petitioner.

A. Don Duncan and John A. Sinclair for Respondent.

SEAWELL, J.—Petition for writ of mandate to compel George P. McKeever as commissioner to sell certain real property as directed by a decree of the Superior Court of the city and county of San Francisco providing for the foreclosure of certain mechanics' liens.

In an action brought by petitioner in the court below as the assignee of mechanics' lien claims, the court decreed that said liens for the sum of $38,269.24 were superior to the lien of a deed of trust upon said property for the sum of $150,000, and directed the sale of the premises in satisfaction of said mechanics' lien claims, appointing defendant McKeever commissioner to conduct the sale. The defendant West American Finance Company, named as beneficiary in said deed of trust, and the trustees thereunder appealed to this court and the appeal is now pending. Upon motion of appellants the court below entered an order staying the sale without bond pending the determination of the appeal. Petitioner contends that the case is not one

where the perfecting of an appeal stays execution (sec. 949, Code Civ. Proc.), and that the said order was void for the reason that the court had no power to stay the sale without requiring a bond against waste under the provisions of section 945 of the Code of Civil Procedure, and seeks by *mandamus* to compel the commissioner to proceed with the sale.

It has uniformly been held that section 945 of the Code of Civil Procedure, requiring a bond against waste where the judgment directs the sale of real property as a condition precedent to a stay of execution, applies only to an appellant in possession or in subordination to whom possession is held. (*Zappettini* v. *Buckles,* 167 Cal. 27 [138 Pac. 696]; *Bank of Woodland* v. *Stephens,* 137 Cal. 458 [70 Pac. 293]; *Owen* v. *Pomona Land & Water Co.,* 124 Cal. 331 [57 Pac. 71]; *McMillan* v. *Hayward,* 84 Cal. 85 [24 Pac. 151]; *Root, Neilson & Co.* v. *Bryant,* 54 Cal. 182.) It cannot be said that the appellant West American Finance Company, the beneficiary under said deed of trust, or the trustees under said deed of trust, who join in the appeal, are now or were ever in actual possession of the property. The facts appearing from the allegations of the petition for writ of mandate and answer thereto are as follows: The action to foreclose the mechanics' liens was commenced on December 17, 1928, tried on June 13 and 17, 1929, and judgment rendered on August 20, 1929. On December 31, 1928, within a few days after the commencement of said action, the property was sold under said deed of trust by the trustees named therein, and at the sale the Pacific States Savings and Loan Society became the purchaser for the amount of the lien, to wit, $150,000. On April 11, 1929, it is alleged in the answer to the petition herein, said company sold the property to Joseph Greenbach and Helen Greenbach, his wife, and defendant has no information and belief as to whether or not there have been further sales. Petitioner avers in an affidavit introduced upon the proceedings to fix the amount of a stay bond, and accompanying its petition herein, that California Pacific Title and Trust Company was the immediate grantee of Pacific States Savings and Loan Society, but this fact is not important.

Upon the sale under the trust deed, the title of the trustees passed to the purchaser, and it is conceded that the successors in interest of such purchaser are now in actual possession of the property. The possession of such parties cannot be held to be the possession of appellants within the meaning of section 945 of the Code of Civil Procedure. Following the sale the appellant West American Finance Company, the beneficiary under the deed of trust, was without any interest in, or right to possession of, the property, and certainly without right to exercise control over those in possession or to prevent the commission of waste.

If it had appeared upon the hearing of the motion to stay the sale without bond that the real party in interest upon the appeal was not the appellant West American Finance Company, whose lien had been satisfied by the trustees' sale, but was the grantee of the purchaser at such sale, in actual possession of the property, the law would require a bond against waste. The said purchaser could not avoid the requirement of a bond through the device of continuing the appeal in the name of the nominal appellants (sec. 385, Code Civ. Proc.) rather than securing a substitution of parties. But the proceedings which took place upon said motion are not before us, and it must be presumed that the judge below had before him evidence that appellant West American Finance Company and the trustees under the deed of trust had an interest in prosecuting the appeal despite the satisfaction of the lien by the trustees' sale. Agreements against contingent losses may have existed between said West American Finance Company and the Pacific States Savings and Loan Society, the purchaser at the trustees' sale. The evidence not being before us, every presumption must be indulged in support of the order.

Since there is no statute requiring a bond in such cases as that before us, section 949 of the Code of Civil Procedure applies. In cases within said section the perfecting of an appeal stays execution unless the court, in its discretion, requires a bond. No showing is here made that the court abused its discretion in refusing a bond.

In support of the contention that the appeal does not stay the execution of the judgment, petitioner cites such cases as *Halsted* v. *First Sav. Bank,* 173 Cal. 605 [160 Pac. 1075], *Cullinan* v. *Mercantile Trading Co.,* 193 Cal. 562

[226 Pac. 4], and *Stetson* v. *Sheehan*, 52 Cal. App. 353 [200 Pac. 387]. None of said cases involved a judgment directing the sale of real property. We do not deem them authority for the proposition that although no bond is required under section 945, *supra*, in the instant case, nevertheless, the execution of the judgment is not stayed by the appeal. We regard the following cases, in which the perfecting of an appeal was held to stay execution, as stating the principle of law to be here applied: *Baar* v. *Smith*, 201 Cal. 87 [255 Pac. 827]; *Estate of Kennedy*, 129 Cal. 384 [62 Pac. 64]; *Ruggles* v. *Superior Court*, 103 Cal. 125 [37 Pac. 211]; *Coburn* v. *Hynes*, 161 Cal. 685 [120 Pac. 26]; *McCallion* v. *Hibernia etc. Soc.*, 98 Cal. 442 [33 Pac. 329]; *Pennie* v. *Superior Court*, 89 Cal. 31 [26 Pac. 617]; *In re Schedel*, 69 Cal. 241 [10 Pac. 334]; *Root, Neilson & Co.* v. *Bryant*, 54 Cal. 182.

In addition to the law points above discussed, and which we think are conclusive of the issue presented, we are of the further view that the case is not one which strongly calls for the granting of the extraordinary relief herein sought.

Writ denied.

Richards, J., Waste, C. J., Shenk, J., Curtis, J., and Preston, J., concurred.