[L. A. No. 12301. In Bank.—September 27, 1930.]

ANDREW E. McCLINTOCK et al., Respondents, v. CURTIS V. POWLEY et al., Defendants; MAUD POWLEY et al., Appellants.

334

Harry J. Miller for Appellants.

W. Blair Gibbens and Thomas S. Dunn for Respondents.

SEAWELL, J.—Petition for writ of *supersedeas*. Petitioners, Maud Powley and Charity F. Powley, have appealed to this court from an order of the Superior Court of Los Angeles County directing that a writ of assistance issue to place Andrew E. McClintock and Mary E. McClintock, his wife, in possession of real property in said county purchased by said McClintock and wife at a mortgage foreclosure sale, held under a judgment rendered in their favor as plaintiffs and against petitioners herein. Petitioners allege that they have filed an undertaking on appeal in an

amount fixed by order of the court below, to wit, $1500, as required by the provisions of section 945 of the Code of Civil Procedure, to stay proceedings upon the order appealed from, and that notwithstanding the stay thereby created the said court has denied their motion to restrain the sheriff from executing said writ of assistance. Said sheriff threatens to place said purchasers in possession of the property involved unless restrained by order of this court. The said purchasers, in their answer to the petition herein, contend that this court should refuse to decree that a statutory *supersedeas* has been created for the reason that the order fixing the amount of said undertaking was procured by the fraud of petitioners' attorney and said sum is grossly insufficient. They pray that this court annul the undertaking in the sum of $1500 and require an undertaking in a larger amount as a condition to granting a writ of *supersedeas*. The court below has not set aside the order fixing the amount of the bond in the sum of $1500.

The order that a writ of assistance issue was made on April 14, 1930, and the petitioners' notice of appeal therefrom filed on the same day. The order fixing the amount of the stay bond in the sum of $1500 was made on April 16, 1930, without notice to plaintiffs. An affidavit of Judge Doran, presiding judge of the superior court, who made the order fixing the amount of the undertaking, has been filed in this court with the answer to the petition herein. It appears from said affidavit and from an affidavit of petitioners' attorney that said attorney presented a form undertaking to Judge Doran, through the bailiff in his department, on April 15, 1930. The amount of $1500 had already been noted on the form undertaking by the commissioner in said department, with whom petitioners' attorney avers that he had conferred. The petitioners' attorney informed said bailiff, by whom the information was communicated to the judge in his chambers, that the property consisted of a seven-room dwelling-house. Having no other information as to the property involved, said judge wrote into the undertaking "Fifteen Hundred Dollars ($1,500.00)," and the bond was filed on April 15th.

A motion made by petitioners to restrain the enforcement of the writ of assistance pending the appeal therefrom was scheduled for hearing on April 16th, in depart-

ment 20, presided over by Judge Westover. When court opened on the morning of said date, petitioners had not procured an order fixing the amount of the undertaking on appeal, which order was necessary to stay enforcement of the writ of assistance. One of the attorneys for the McClintocks, in conversation with petitioners' attorney, called this fact to his attention and claimed that the amount of the undertaking filed was grossly inadequate. Thereupon petitioners' attorney left the courtroom without disclosing his purpose and obtained Judge Doran's signature to an order fixing the sum for which the bond should be required at $1500. When the motion was reached in Judge Westover's department, and what had taken place appeared, Judge Doran was informed, and he then ordered the motion transferred to his department, where it was heard on the same day and denied.

Judge Doran, in his affidavit filed with the answer herein, avers that at said hearing on April 16th he learned that he had not been fully informed as to the property involved and stated in court that a surety bond of $10,000 or a personal bond of $20,000 must be substituted for the $1500 bond; that he felt that a fraud had been practiced upon the court in obtaining said order fixing the bond at $1500, and by reason thereof he denied the motion of the attorney for defendants for an order to restrain enforcement of the writ of assistance.

Judge Doran also stated in his affidavit that he was informed that the property involved consisted of a lot with a seven-room dwelling-house thereon. In fact, the property embraced in the mortgage and foreclosure included also an adjoining lot upon which there was a building containing eight stores, the aggregate annual rental value of which is claimed by the purchasers to be $4,800. The large size of the bond which Judge Doran directed to be substituted clearly indicates that he was of the view that the store property should be considered in computing the bond.

A bond against waste and for the value of the use and occupation of property is required under section 945 of the Code of Civil Procedure only of an appellant in possession or in subordination to whom possession is held. (*Keeling Collection Agency* v. *McKeever*, 209 Cal. 625 [289 Pac. 617]; *Zappettini* v. *Buckles*, 167 Cal. 27 [138 Pac.

696]; *McMillan* v. *Hayward,* 84 Cal. 85 [24 Pac. 151].) Petitioners have filed in this court an instrument disclaiming possession of the store property. Plaintiffs concede that petitioners were not in actual possession of the stores, but that such of the stores as were rented were occupied by tenants, and that plaintiffs, as purchasers at the foreclosure sale, have collected the rents from said tenants ever since said sale, on April 9, 1929, as was their right under section 707 of the Code of Civil Procedure. ■ However, the mere circumstance that the purchaser receives rents from a tenant of the mortgagor does not render such tenant a tenant of the purchaser. Between the date of the sale and expiration of the period of redemption the mortgagor is entitled to possession and his tenant holds in subordination to him. The mortgagor by disclaiming possession cannot escape liability to furnish a bond upon appeal. (*McDermott* v. *Burke,* 16 Cal. 580; *Sullivan* v. *Superior Court,* 185 Cal. 133 [195 Pac. 1061]; *Mercantile Trust Co.* v. *Sunset etc. Co.,* 176 Cal. 461 [168 Pac. 1037].)

In the case herein no showing is made that the order of the court below fixing the stay bond at $1500 has been set aside. Upon the argument of the petition herein, one of the attorneys for plaintiffs stated to this court that said order had not been set aside. ■ An order fixing the amount of a stay bond may be made *ex parte*. (*Hubbard* v. *University Bank of Los Angeles,* 120 Cal. 632 [52 Pac. 1070].) While said order continues in full force and effect the enforcement of the order appealed from is stayed by the express terms of the statute upon the filing of a bond in the sum fixed, and neither the trial court nor an appellate court may require additional security. In no event is the appellate court authorized to fix the amount of a stay bond required under section 945 of the Code of Civil Procedure. (*Jameson* v. *Chanslor-Canfield Oil Co.,* 173 Cal. 612 [160 Pac. 1066]; *Union Oil Co.* v. *Pacific Surety Co.,* 182 Cal. 69 [187 Pac. 14].)

■ If the judge fixing the amount of the bond by *ex parte* order has been misled through the fraud or mistake of an appellant as to the value, character or extent of the property for which a bond should be given, the order may be set aside under section 937 of the Code of Civil Procedure, which provides: ''An order made out of court,

without notice to the adverse party, may be vacated or modified, without notice, by the judge who made it; or may be vacated or modified on notice, in the manner in which other motions are made." (*Klokke Inv. Co.* v. *Superior Court,* 39 Cal. App. 717 [179 Pac. 728]; *Bateman* v. *Superior Court,* 139 Cal. 140 [72 Pac. 922]; *Glass* v. *Glass,* 4 Cal. App. 604 [88 Pac. 734].) We do not regard such cases as *Hubbard* v. *University Bank,* 120 Cal. 632 [52 Pac. 1070], *Boyer* v. *Superior Court,* 110 Cal. 401 [42 Pac. 892], and *Eisenberg* v. *Superior Court,* 193 Cal. 575 [226 Pac. 617], as holding that an order fixing the amount of an undertaking on appeal may not be set aside for cause.

■ The order fixing the amount of the bond in the sum of $1500 not having been set aside, we conclude that the enforcement of the writ of assistance is stayed. The determination here made does not bar the right of the court below to terminate the stay by hereafter setting aside the order fixing the bond, should the court be of the view that the bond is materially insufficient, due to imposition practiced upon the court through the fraud or mistake of counsel for petitioners.

This matter should not have been brought to an appellate court. It could and should have been settled by the parties on the facts, which are undoubtedly known to said parties and about which there is no room for dispute.

Writ granted.

Preston, J., Curtis, J., Langdon, J., Shenk, J., Richards, J., and Waste, C. J., concurred.

Rehearing denied.